## KING et ux. v. PLAINVIEW NAT. FARM LOAN ASS'N et al.

### No. 4607.

Court of Civil Appeals of Texas. Amarillo.

Sept. 30, 1935.

M. J. Baird, of Plainview, for appellants.

C. D. Russell, of Plainview, for appellees.

## PER CURIAM.

■ Upon a full hearing, the trial court refused to order the issuance of a temporary injunction to restrain the sale of 160 acres of land, alleged by appellants to be their homestead, to which they allegedly hold an equitable title by virtue of a gift from the father of appellant, C. E. King.

We deem it inadvisable to discuss the evidence in advance of a trial on the merits. Suffice it to say that we are of the

opinion that the trial court did not abuse its discretion in refusing the relief prayed for. We quote: "In all appeals from interlocutory orders granting or refusing a writ or dissolving or refusing to dissolve one, the sole question is whether the trial court abused its discretion in entering the order appealed from. Many cases enunciate the rule that the grant or refusal of an injunction or a dissolution or refusal to dissolve will be reversed only when a clear abuse of discretion is shown; and if the order was based on conflicting evidence or diverse inferences it will not be disturbed. The evidence is not reviewed for sufficiency as it would be upon appeal from a final judgment, but only to see if it supports the court's exercise of discretion." 24 Tex. Jur. pp. 313, 314, § 253.

See, also, recent case of Kilburn v. Childers et al. (Tex. Civ. App.) 86 S. W. 832, not yet reported [in State Reports].

Judgment affirmed.