## SCANLAN et al. v. CITY OF HOUSTON.
### No. 11029.

Court of Civil Appeals of Texas. Galveston.
Feb. 8, 1940.

Rehearing Denied March 7, 1940.

Walter F. Brown, of Houston, for appellants.

Sewall Myer, City Atty., and Vernon Coe, Spurgeon Bell, Will Sears, and A. L. Lewis, Asst. City Attys., all of Houston, for appellee.

GRAVES, Justice.

This appeal, brought to and advanced for hearing in this court, pursuant to R. S. Article 4662, is from an order of the 113th District Court of Harris County refusing the appellants a temporary injunction against the appellee restraining it from proceeding with the pavement it had previously determined upon of land it found constituted the unpaved portion of Fannin Street in Houston, from the south property line of Calhoun Avenue to the north property line of Pierce Avenue; such unpaved portion lying on the west side of Fannin Street, between those two avenues, and abutting appellants' property, known as Block 404 of such City.

The challenged order was entered by the court, after a full hearing of pleadings and evidence from both sides, but otherwise than as recited in the decree itself, was not supported by filing findings of either fact or law.

The recitations referred to, in so far as deemed material, were as follows:

"Whereupon the Court having considered the said pleadings, evidence and argument of counsel, announced * * * that the plaintiffs were not entitled to such temporary injunction, provided that the defendant, City of Houston, acting through its duly authorized Mayor and City Council, would within five days file an agreement to prosecute with due diligence this suit to final judgment, to not attempt to discontinue the said suit until final judgment is entered, to prosecute its cross-action seeking in the alternative to condemn the land in dispute east of the fence on Fannin Street, in the event that a final judgment was entered adjudging the land in controversy to the plaintiffs, and in such event to pay the amount awarded in the condemnation proceedings as damages to the plaintiffs, which said agreement was to further expressly waive any question of invalidity of the agreement by reason of the court not requiring the City to put up any amount of cash or bond or other security.

"Now, on this 13th day of December, 1939, it appearing to the court that the City of Houston has duly and legally caused to be executed the said agreement and has filed the same with the Clerk of the Court as a part of the record in this cause, and the Court having examined the same and approved such agreement,

"It is therefore ordered, adjudged, and decreed, that the petition of the plaintiffs, Lillian Scanlan and Stella Scanlan, praying for a temporary injunction against the defendant, City of Houston, be and the same is in all things refused and denied, to which ruling the said plaintiffs except and give notice of appeal."

The single question the appeal presents is whether the court abused its discretion in thus refusing the writ. Scanlan v. Houston L. & P. Co., Tex.Civ.App., 62 S. W.2d 537, at page 539, column 2, and authorities there cited.

In insisting here that the quoted order did go beyond the bounds of a sound judicial discretion, in denying them the coveted writ, the appellants do so upon the ground that the threatened paving, if permitted to be carried out, will forcibly take from them a strip of about 20 feet by the entire length of the block off of the east side of their Block 404, which they claim to be not only the owners of in fee simple, but to have been in peaceable and adverse possession of against the world at all times since the year 1871, describing such property as follows:

"Block Four Hundred and Four (404) of the City of Houston, Harris County, Texas, and of all land lying between Pierce Avenue and Calhoun Avenue and extending Southeast from Main Street to the concrete curb as it has existed for many years along the Northwest line of Fannin Street, the said curb being the curb which extends from Pierce Avenue to Calhoun Avenue Southeast of the old line of trees on the Southeast part of said property."

In answer, the appellee insists that such evidence showed the disputed strip to have been a part of Fannin Street, under dedication thereof to public uses as such, from at least the year 1898 to the time of this hearing.

So that, as between these two contentions, the controversy is to be determined from what the evidence does show, each side claiming it to have been undisputed in its own favor.

■ In such a proceeding, this court, in the cited Scanlan v. Houston L. & P. Co. cause, supra, at page 540 of 62 S.W.2d, in which writ of error was refused, thus stated the principle in accordance with which the evidence must be appraised: " * * * as stated in section 253 of 24 Texas Jurisprudence, supra, the rule is that, 'if the order was based on conflicting evidence or diverse inferences, it will not be disturbed. The evidence is not reviewed for sufficiency, as it would be upon appeal from a final judgment, but only to see if it supports the court's exercise of discretion.' "

■ When this evidence is measured by that standard, it seems plain that no such abuse is shown; this for the main reason that, taking the body of the testimony as an entirety—it was at least susceptible of, if it did not require of the learned trial court, these among other findings:

(1) That this disputed strip of property abutting block 404 along its entire eastern side, had in fact been a part of Fannin Street, which at all material times had been a public highway within the corporate limits of the City of Houston, from about the year 1898 continuously until the entry of this order;

(2) That, perforce of the acts and conduct of the predecessors of appellants, as well as of appellants themselves, a dedication of it as such a public highway within the corporate limits of Houston, had come about from practically the same time, that is, from about 1898 or 1899, to the date of this trial.

(3) That, in consequence, such uses and services as appellants were shown to have subjected such strip to, did not in any sense constitute a proprietary possession thereof by themselves, as against the right of the public and the appellee as the governing body thereof to so appropriate and use the same as a public street.

These briefly stated features of the evidence, taken partly from the testimony of appellant, Miss Lillian Scanlan, are thought to support the court's exercise of the discretion its action reflects.

The Scanlan family moved upon block 404 in 1892, there being then a fence on its Fannin Street side, a little further out east than where the present concrete curb exists; Fannin Street was then untravelled except by street-cars; in 1898 the Scanlans removed that fence and placed it back on the line where the present fence now stands, which is 20 feet, more or less, west of such concrete curb, which appellants claim is still the east boundary line of their block 404; after the fence was so set back in 1898, or maybe in 1899, a cinder-path was constructed by the Scanlans just outside of it to the east, along its whole length, for the convenience of people generally coming through there; there being from 1898 on to the present nothing to the east of such fence to obstruct the use of the strip by the public generally; appellants' father, Mr. T. H. Scanlan, at one time mayor of Houston, died in 1906 (their mother having died in 1898), Miss Lillian Scanlan testifying that she had never heard her father, while living, assert any claim to this disputed strip of land lying between the present fence and curb, respectively; further, that she and her sisters (of whom the present appellants are the successors in interest) asserted such a claim in their conversations. She further testified that she and her sisters in 1916 built a new fence (the present one in its present location) on the line of the former fence their father had so built in 1898, and at the same time, that is, in 1916, constructed a permanent sidewalk adjacent to their new fence for the entire length of their block, the position of which was and is a little further back toward that fence than was the former cinder-path referred to, supra. The use the Scanlans made of the disputed strip, during all the years, lying thus open as it did, may be epitomized in this further statement of Miss Lillian Scanlan on that feature: "We planted grass and watered the trees and trimmed them and planted flowers and tied the cow out in the early days."

In addition, appellants have pointed to no testimony of surveyors, engineers, or others—in so far as this court has perceived—showing or tending to show that the easterly line of their block 404 is in the location claimed by them, that is, coincident with the concrete curb referred to supra; whereas, on the contrary, the evidence presented by the appellee from ancient maps of the City, like the Tipton Walker and Wood maps, the former dated 1845, the latter 1868, as well as one made by Surveyor Moscowitz and offered in connection with his testimony at this trial, all without controversion, at least strongly if not conclusively, tend to show that such eastern line of the Scanlan block 404 had never at any time throughout the record history of that area, gone further out than about the location of the 1916 fence of the Scanlans; that such block substantially conformed to the general plan of the City in that area, lining up its east line with like lines of the blocks both to the north and south of it; indeed, Surveyor Moscowitz testified and well-nigh demonstrated from his own survey made of the property for the purposes of this suit, that the present sidewalk so placed by the Scanlans east of their fence in 1916 is in almost exact line with the sidewalks along the east lines of the blocks both to the north and south of such block 404; in other words, this witness, after allowing for deviations of a few inches here and there, testified undisputedly that the boundaries of Fannin Street were in a straight line, following a general conformation to the other blocks along there, all the way from Hadley Avenue on the south to Buffalo Bayou on the north; his summarized statement being that the width of Fannin Street for such entire length, as actually laid out, recognized, and used on the ground, was 80 feet without material offset or encroachment; and that, throughout the history of block 404, as shown by such maps and his own survey, its east line appeared as being.

about coincident with the line of the fence so erected by Mr. T. H. Scanlan in 1898. In fact, it appeared without dispute that not only had Mr. Scanlan bought that block by reference to the Tipton Walker map, but, as a member of its City Council in 1868, he participated in the adoption of the Wood map, which exactly conformed to that of Walker, as Houston's official one for future use.

Under the law, as applicable to such a state of facts, it is thought no other judgment than the one entered could properly have been rendered; further, that such facts distinguish this cause from San Jacinto Construction Co. v. Scanlan, Tex. Civ.App., 300 S.W. 220, upon which appellants strongly rely, and bring it rather under the rules applied by this court in Scanlan v. Houston L. & P. Co., Tex.Civ. App., 62 S.W.2d 537, writ of error refused, cited supra, and Coombs v. City of Houston, Tex.Civ.App., 36 S.W.2d 1066.

In the San Jacinto Construction Co. v. Scanlan case—unlike this one in being without a statement of facts—the conclusive presumption of law required the holding that the judgment was properly supported; whereas in this instance, as indicated, the facts before the trial court have all been brought up, and—it is thought—were clearly sufficient to justify, if not to require, the previously stated findings to the effect that this strip had constituted a part of Fannin Street, and that a dedication of it for such public uses had been shown.

Wherefore, the strip having been a dedicated part of Fannin Street at all material times, such possession and use of it as appellants may have had become immaterial, since they never could have nor did acquire any right or title therein by adverse possession or occupancy. Coombs v. City, supra, and authorities therein cited.

It also follows, upon the same considerations, that no right of appellants vouchsafed under Art. I, Section 17, of the Texas Constitution, Vernon's Ann.St., was violated, no property of theirs having been here involved; nor was the quoted recitation in the judgment, which appears to have been an attempt to apply the provisions of R.S. Article 3269, Vernon's Ann.Civ.St. art. 3269, of any controlling effect; this for the reason that the hearing was one for temporary injunction only, and did not finally dispose of the whole cause on its merits, nor adjudicate the title to the land; the court had the power, since it heard the evidence of both parties fully, as well as the pleadings, to dispose of the issue as to a temporary injunction, independent of that statute.

Without further discussion an affirmance will be entered.

Affirmed.