## PORT ARTHUR HOUSING CO. v. CITY OF PORT ARTHUR.

### No. 4255.

Court of Civil Appeals of Texas.

June 22, 1944.

Rehearing Denied July 15, 1944.

B. T. McWhorter, of Port Arthur, and Lamar Cecil, of Beaumont, for appellant.

Orgain, Carroll & Bell, of Beaumont, and Jack Voyles, City Attorney, of Port Arthur, for appellee.

MURRAY, Justice.

This is a suit for a mandatory injunction, brought by the appellant, Port Arthur Housing Company, against City of Port Arthur to compel the City to furnish water service to a house owned by it, located within the corporate limits of the town of Lake View, Texas, another municipal corporation near the City of Port Arthur. The

plaintiff applied also for a temporary mandatory injunction and upon a hearing before the court, without a jury, upon such application the district court refused to grant the relief prayed for. The appellant has appealed from the order of the trial court denying the temporary mandatory injunction.

The appellant is engaged in the construction of a housing project within the corporate limits of the town of Lake View, which contemplates the erection of 184 dwellings, and all such dwellings when completed will be dependent upon the water system of the City of Port Arthur for water for domestic use. The City of Port Arthur has its own water system and for many years has supplied water to residents of the City of Port Arthur and also to a great many houses and establishments outside its own corporate limits. The water lines for its distribution of water within the town of Lake View are not owned by the City of Port Arthur nor by the town of Lake View, but were placed there by the developers of Lake View before it was incorporated.

The appellant, through one of its officers, made written application to the appellee for water service at a completed house in the town of Lake View, enclosing a check for the usual tapping service charged for water service by the City of Port Arthur. The application gave full information as to location of the premises where water service was desired, the type of residence, stated that "compliance would be made with all reasonable rules and regulations of the City of Port Arthur enacted for the protection of its water system." The appellee refused the application. The appellee, by its ordinance, required an inspection fee for the inspection of the premises before a water connection was established and further required the installation of a drum trap under all bath tubs in the town of Lake View, as well as in the City of Port Arthur, as a condition to delivering water, and the appellant refused to comply with the requirements of the City of Port Arthur in these two respects.

The city of Port Arthur provided water to the municipality of Griffing Park, to Texas Steel Manufacturing Company, the United States Naval Section Base at Sabine Pass, Texas, and others, all outside of its own corporate limits, without requiring compliance with its plumbing code. In such instances, however, the City of Port Arthur made no connections directly to individual houses but delivered water to a master meter. It delivered and sold water to residents of the town of Lake View to individual owners of houses, who complied with the requirements for inspection and installation of bath tub drum traps.

The appellant bases its appeal upon the following points: First, the refusal of the trial court to issue its temporary mandatory injunction was in legal effect holding that the City of Port Arthur had the legal right to enforce its ordinances regulating sewers and house draining within the corporate confines of another incorporated municipality; second, the refusal of the court to grant its temporary mandatory injunction had the legal effect of holding that the City of Port Arthur had the legal right to contract with the appellant for water service at its house in the town of Lake View upon any conditions or terms the City of Port Arthur saw fit to impose upon appellant; third, since the City of Port Arthur had for a long period of time furnished water to adjacent communities outside the City of Port Arthur the City could not require them to comply with the city's building or plumbing code regulating house draining, sewerage or plumbing in the separate municipality of Lake View which had its own sewer system and plumbing code; fourth, since the City of Port Arthur was engaged in a proprietary capacity in furnishing water to citizens outside its corporate limits, it cannot impose any rules and regulations upon those living outside of its corporate limits which are unreasonable or arbitrary and do not have a direct connection or relation to the purity and preservation of the water supply of the City of Port Arthur; fifth, the City of Port Arthur has no power to require appellant, or residents of the town of Lake View, to comply with its plumbing code since the town of Lake View has enacted its own plumbing code, with which the appellant has in all things complied; sixth, the town of Lake View owns and operates its own sewer system, which is not connected in any way with the sewer system of Port Arthur, and such a requirement as that for drum traps in the Port Arthur plumbing code has no connection whatever with the purity and preservation of the water supply of the City of Port Arthur, such requirement for drum traps is merely collateral to the operation of the City of Port Arthur water system and cannot legally be made a condition precedent to the city's

legal obligation to furnish domestic water to the appellant's house in the town of Lake View; seventh, to require residents of the town of Lake View to pay inspection fees to the City of Port Arthur and to comply with the ordinances of the City of Port Arthur regulating sewers and draining when the town of Lake View has a similar ordinance providing for the imposition of inspection fees on appellant, requiring it to observe certain requirements regarding sewerage disposal and drainage, would in effect place appellant in double jeopardy and require it to comply with two ordinances, both of which are penal in their nature, this being contrary to the Constitution of the State of Texas, and imposing upon appellant a burden never contemplated by law; eighth, the City of Port Arthur has no legal right to refuse to furnish domestic water to appellant upon the basis that its ordinances have not been complied with by the appellant, since said ordinances are upon their face null, void and unconstitutional, and, even if valid, could have no extra territorial operation and effect.

Appellee, the City of Port Arthur, in answer to the contentions of appellant, relies upon the following points: (1) Appellant's pleading was too general and stated the general conclusion of the pleader and did not particularly set out what rules and regulations or ordinances the appellant considered reasonable and would comply with, and what of such it considered unreasonable and would not comply with, and that the trial court properly denied the motion for a temporary mandatory injunction; (2) the trial court's judgment refusing a temporary mandatory injunction should be affirmed because the evidence considered in its most favorable light in support of the trial court's judgment, as well as inferences to be drawn from the evidence, shows there was no abuse of discretion of the trial court in rendering its judgment; (3) there being no legal duty on the part of the City of Port Arthur to enter into a contract to tender water service to a nonresident, the trial court properly denied the application for a temporary mandatory injunction, it being undisputed that the parties had not agreed upon the contract and could not agree upon the contract for water service; (4) if there was any duty upon the part of the City of Port Arthur to tender water service to a nonresident appellant, it being undisputed that the appellant had refused to comply with the rules and regulations and ordinances of the appellee that the plumbing be inspected and that its construction conform to such ordinances, rules and regulations, and that an inspection fee be paid, and there being no evidence that such requirement was unreasonable, and the evidence showing that all others similarly situated in the town of Lake View, as a condition precedent to receiving water service, had heretofore complied with such reasonable requirement, the City was within its rights in refusing to discriminate in favor of appellant as against the other users of water, and the court did not abuse its discretion in so holding; (5) even if it should be held that appellee should be required to tender its service to the nonresident appellant, it being shown by the evidence that such nonresident had refused to install a drum trap under the bath tub in its house, the evidence showing that all other users of appellee's water in the town of Lake View, as a condition precedent to the connection, had complied with the rules and regulations and ordinances of appellee in that respect, and that the ordinances of the town of Lake View left it optional with the builder whether he would install drum traps or P traps under the bath tub, and there being no evidence showing that it is unreasonable to make such requirement, it would be a discrimination in favor of the appellant against the other users in the town of Lake View to permit the appellant to have water service without requiring the installation of a drum trap as it had required of other users similarly situated, and the trial court did not abuse its discretion in refusing to grant a temporary mandatory injunction.

■ In view of the disposition which is made of this case, we pass briefly on the question of the sufficiency of the pleading of the appellant. It is observed that the petition of the appellant does not negative any of the matters which were relied upon by the appellee in its defense. Not only should affirmative facts be pleaded in a petition for equitable relief, but it should negative all probable matters that might prevent relief. Kampmann et al. v. Stappenbeck et al., Tex.Civ.App., 45 S.W.2d 761.

■ The regulation contained in the ordinances of the City of Port Arthur, requiring an inspection fee and an inspection of the plumbing of a house as a condition precedent to the furnishing of water is not,

under the evidence, an unreasonable regulation. The requirement contained in the plumbing code of the City of Port Arthur for the installation of drum traps under bath tubs is not, under the evidence, an unreasonable regulation. According to the testimony it was reasonably necessary that the City of Port Arthur make certain of the correctness of the installation of plumbing connections of users of water from its lines in order to protect its own water supply. A leakage from bad connections in the town of Lake View would affect the water pressure and supply in the mains within its own corporate limits. The installation of drum traps under bath tubs was deemed a proper requirement by the legislative body of the City of Port Arthur to protect its own water mains from contamination. Since this is an appeal from a denial of a temporary mandatory injunction, we believe the evidence sufficiently supports the judgment of the learned trial court in the exercise of his discretion in refusing the temporary relief prayed for. King et ux. v. Plainview National Farm Loan Ass'n, Tex.Civ.App., 86 S.W.2d 833; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964.

■ Upon the broader questions involved, which ordinarily would be expected to be brought forward after a hearing upon the merits, we do not believe that the appellant has a legal right to compel the appellee to tender water service to its house outside the city limits of the City of Port Arthur without complying with its ordinances in the same manner that other users of water in Lake View have complied therewith. We do not agree with the contention of appellant that the plumbing code of the City of Port Arthur, and inspection of plumbing installations thereunder, are merely collateral to the operation of its water service. We believe the facts in this case take it out of the application of the law announced in Nueces County Water Improvement District No. 1 v. Spring, Tex. Civ.App., 162 S.W.2d 155, cited by the appellant. The City of Port Arthur was under no legal obligations to furnish water to the appellant outside the City of Port Arthur except upon the usual terms and conditions which the city had previously adopted by ordinances, so long as such ordinances were not unreasonable. Article 1108 R.S.1925, Vernon's Ann.Civ.St. art. 1108; City of Phoenix et al. v. Geo. Kasun, 54 Ariz. 470, 97 P.2d 210, 127 A.L.R. 84;

Collier v. City of Atlanta, 178 Ga. 575, 173 S.E. 853.

■ The appellant contends in its 7th point that, since the City of Port Arthur and town of Lake View both have penal ordinances regulating sewers and drainage, to require it to comply with both penal ordinances would subject it to double jeopardy. The evidence discloses, however, that the appellant in complying with the ordinances of the City of Port Arthur would not be violating the ordinances of the town of Lake View, in view of the Lake View ordinances making optional with the builder of a house the installation of either a drum trap or a P trap under a bath tub. We therefore find no merit in this contention.

Finding no error, we affirm the judgment of the district court.