**RAWSON et al.**

v.

**BROWNSBORO INDEPENDENT SCHOOL
DIST. et al.**

No. 14770.

Court of Civil Appeals of Texas.
Dallas.

Nov. 13, 1953.

Rehearing Denied Dec. 11, 1953.

Holland & Moore, Athens, Carl C. Mays,
Dallas, for appellants.

Justice, Justice & Rowan; and Jack T.
Life, Athens, Wynne & Wynne, Wills

Point, W. C. Wallace, Cameron, and Tom G. Pollard, Jr., Tyler, for appellees.

DIXON, Chief Justice.

This is a class suit brought by appellants as resident taxpayers against the Trustees of the Brownsboro Independent School District individually and in their official capacity as a Board, the Tax Collector-Assessor of Henderson County, Texas, First National Bank of Athens, Texas, Citizens' National Bank of Cameron, Texas, Homer Bass, School Superintendent, and John Sexton and Company. Appellants allege that the Trustees and the Superintendent have in the past, and will continue in the future to expend the School District's money wrongfully through deficiency financing—that is, paying old debts incurred in previous years out of current tax funds of the year 1952–1953. Appellants also attack the validity of a bond election and of a tax levy for the year 1952–1953. The defendant Banks and John Sexton and Company were made defendants on the ground that they are owners and holders of deficiency debts against the School District.

Appellees, except John Sexton and Company, leveled special exceptions at various parts of appellants' pleading, all of which exceptions were sustained. Appellants declined to amend, whereupon the trial court dismissed the entire case. This appeal was taken from the order of dismissal.

Appellants' petition contains three counts. In their first count they allege that deficiency debts created in the last four years amount to more than $60,000, and that bond money from a Permanent Improvement Fund has been wrongfully transferred to the Local Maintenance Fund for the payment of some of these debts.

In their second count appellants allege that a bond issue of $250,000 and a 50¢ per hundred dollars tax levy, voted in an election July 19, 1952, is void because (a) the petition asking for the election was not signed by the required number of voters; (b) only one voting box was used for the election, though the School District contains several voting precincts; and (c) the affidavit of posting bond notices was certified to July 8, 1952, whereas on its face said affidavit says that the notices were posted July 9, 1952.

In their third count appellants allege that a tax of $1.50 per $100 valuation attempted to be levied under authority of the bond election is invalid because (a) the election petition was not signed by the required number of persons; (b) the bond issue is a nullity; and (c) no valid levy of said tax has been made, hence the School District has no right to collect or demand payment of the taxes.

Appellants pray for a money judgment of $66,239.89 against the Trustees individually and the School Superintendent. In addition they ask that the School District be enjoined from issuing and selling the bonds voted in the election; that the School Board be enjoined from collecting the 50-cent tax voted July 19, 1952; that the School Board be enjoined from using funds of the current year for any purpose not authorized by statute; that the Board be enjoined from paying from the current year's funds the deficiency debts created in prior years, including such debts owed to appellee Banks and John Sexton and Company; that the Board be enjoined from the construction of new buildings until proper funds are available.

We think appellees are correct in their contention that appellants are not entitled to maintain an action for injunction, or a suit for a money judgment against the Trustees *for money allegedly already wrongfully spent by the Trustees.* An action for injunctive relief is moot in so far as expenditures already made are concerned. And a money judgment may not be legally rendered in favor of individual taxpayers for such sums. It is the School District alone which would be entitled to be paid back the money, not individual taxpayers. Only the School District itself may maintain such a suit, which may be brought by the County Attorney or District Attorney. Art. 339, V.R.C.S.; Hulett v. West Lamar Rural High School District, 149

Tex. 289, 232 S.W.2d 669; Murray v. Harris, Tex.Civ.App., 208 S.W.2d 626. Appellants' point of error No. 4 is overruled.

We think also that appellants may not in this kind of a suit and after the lapse of more than eight months, attack the validity of the bond election of July 19, 1952. Arts. 9.03, 9.30, 9.31, 9.36, Election Code, V.R.C.S.; Bahn v. Savage, Tex.Civ.App., 120 S.W.2d 644 (writ ref.); Treaccar v. City of Galveston, Tex.Civ.App., 28 S.W.2d 276 (dis.); Barker v. Wilson, Tex.Civ.App., 205 S.W. 543; Moore v. Commissioners' Court, etc., Tex.Civ.App., 192 S.W. 805. The second count in appellants' petition is therefore without merit.

In appellants' third count they attack the validity of the $1.50 per $100 valuation tax attempted to be levied by appellees. The only grounds, other than legal conclusions, pled in support of their claim of invalidity have to do with the alleged irregularities in the bond election of July 19, 1952. As stated above, the regularity of the bond election may not be questioned in this proceeding. Appellants' point No. 5 is overruled.

However, under some circumstances suits may properly be brought by individual taxpayers to enjoin public officials from unauthorized expenditures of public funds. Lawler v. Castroville Rural H. S. District, Tex.Civ.App., 233 S.W.2d 613 (writ ref.). For that reason, the trial court should not have sustained the School District's exception No. 2. However, the error was harmless, for appellants' petition in the face of other exceptions, was insufficient to entitle appellants to injunctive relief. We overrule appellants' point of error No. 2.

It now becomes necessary for us to examine appellants' pleadings for equitable relief in connection with the other special exceptions leveled by appellees. Was the court correct in sustaining appellees' other exceptions and dismissing appellants' entire case following their refusal to amend?

The alleged unauthorized expenditures which appellants seek to restrain are the payment of deficiency debts—that is, the payment of old debts incurred in previous years—from the current year's funds. Appellants in support of their view cite us two statutes: Art. 2749, V.R.C.S., which provides that the trustees, in making contracts with teachers, shall not create a deficiency debt against the District; and Art. 2827, V.R.C.S., which provides that no loans for the purpose of payment of teachers shall be paid out of funds other than those for the then current year. Appellants also cite, among others, the case of Collier v. Peacock, 93 Tex. 255, 54 S.W. 1025. We do not question the force and effect of the above statutes, or the holding in the cited case. But they do not touch the question before us, which is: Did the trial court commit material error in sustaining the exceptions and dismissing the case when appellants refused to amend?

In paragraphs V, VI, VIII, and XI, of their petition, appellants charge that the school board has illegally incurred debts, accounts, and obligations in excess of the School District's current revenues; but nowhere in said paragraphs, or elsewhere in the petition, are the alleged debts, accounts, and obligations listed, described, or identified as to whether for teachers' salaries, or other purposes, or as to dates, creditors, due dates, amounts, whether written or verbal, or whether paid or unpaid. Appellants allege that they are unable to plead each item, but that such information is within the knowledge of the Trustees and the School Superintendent, who were given notice to produce "all of the School District's records, books, ledgers, accounts, vouchers, checks, minute books and other records" at the trial of the case, otherwise secondary evidence would be offered.

Appellees excepted to these allegations on the ground that they did not fairly apprise appellees as to the identity of the alleged debts so as to enable them to prepare their defense. The trial court sustained the exceptions.

We have read appellants' petition several times and we do not find any allegations that might justify their assertion that they are unable to plead the specific items which

make up the total of approximately $60,000 in deficiency debts. They do not claim that they have been denied their rights as citizens and taxpayers to examine the records of the School District, or that they have even sought to exercise such rights. They do not say that appellees have practiced any concealment. They do not assert that the information necessary for them to plead their case properly was not available to them, or that they have not had access to any and all the books and records of the School District.

The matter of specific pleading in this case becomes important when it is realized that not all expenditures for deficiency debts are illegal. For example, Art. 634 (B), V.R.C.S., permits the purchase of school busses through the issuance of warrants payable over future years. Further, House Bill 316, Chapter 427, General and Special Laws of the 53rd Session of Texas Legislature 1953, page 1038 (Art. 2786e, V.R.C.S.), provides that interest-bearing time warrants payable in the future may be issued for certain purposes such as to repair buildings and to provide heating, water, sanitation, lunchroom, and electric facilities; *and the Act expressly validates warrants already issued for such purposes.*

Do any of the debts of which appellants complain come within the above categories? And have any of the debts already been paid? In either case appellants may not maintain their suit for injunctive relief as to such debts. But their pleadings give no inkling of the true answers to these questions. Even their notice to appellees to produce records at the trial does nothing to lift the veil of obscurity, for they demand that the School District produce *"all of the records,* books ledgers, accounts, vouchers, checks, minute books, *and other records* of said School District." (Emphasis supplied.)

It has long been the rule that complainants seeking injunctive relief, a severe remedy, must present allegations which are direct, certain, and particular. Boucher v. Wissman, Tex.Civ.App., 206 S.W.2d 101 (error ref.). The burden rests upon those applying for an injunction to plead affirmatively the necessary facts, not legal conclusions. Fluellen v. County Board of Education, Tex.Civ.App., 202 S. W.2d 510. Moreover the pleader must negative every hypothesis on which the alleged wrongful act might be lawful. Port Arthur Housing Co. v. City of Port Arthur, Tex. Civ.App., 181 S.W.2d 1017 (ref. w. m.); Campbell v. Wiggins, 2 Tex.Civ.App. 1, 20 S.W. 730, affirmed 85 Tex. 424, 21 S.W. 599; 24 Tex.Jur. 222. This last principle becomes all the more important in this case when it is remembered that the law presumes that public officials will perform their duty diligently, fairly, and efficiently. Kavanaugh v. Underwriters Life Ins. Co., Tex. Civ.App., 231 S.W.2d 753 (writ ref.).

Under the circumstances we believe that the failure and refusal of the appellants to plead more specifically is not a mere technical, but is a truly material defect. Appellees, being charged with the improper expenditure of public moneys, are entitled in all fairness to know the particulars of the charges against them—especially since they have by special exception pointed out the flaw in appellants' pleading and have asked for more detailed information as to such charges. Fugate v. Johnston, Tex.Civ.App., 251 S.W.2d 792; Harmon v. City of Dallas, Tex.Civ.App. 229 S.W.2d 825 (ref. n. r. e.). We overrule appellants' points of error Nos. 1, 3, 6, and 7.

It is our opinion that the trial court properly dismissed the appellants' entire case upon their refusal to amend. Finding no material error, we affirm the judgment.