**William L. POWERS, Jr., Appellant,**

**v.**

**Martin LYNN et al., Appellees.**

**No. 964.**

Court of Civil Appeals of Texas, Corpus Christi.

May 22, 1975.

Rehearing Denied June 2, 1975.

Bruce D. Viles, Wood, Burney, Nesbitt & Ryan, Corpus Christi, for appellant.

Richard A. Hall, Branscomb, Gary, Thomasson & Hall, Corpus Christi, for appellees.

OPINION

YOUNG, Justice.

Because the trial court refused to temporarily enjoin any of the defendants from initiating any proceedings for the collection of indebtedness resulting from the plaintiff's purchase of the Sand and Sea Resort Hotel of Corpus Christi, Texas, the plaintiff appeals.

On or about June 28, 1974, William L. Powers, Jr., as purchaser, executed a real

estate sales contract with Martin Lynn and Bonnie Hayes for the purchase of the Sand and Sea Resort Hotel for a price of $950,000 to be payable partly by cash and the remainder by a note to be secured by a vendor's lien and a deed of trust.

The purchase was closed through Stewart Title Company on August 30, 1974. There Powers executed a secured promissory note for $674,500.00, payable to Lynn and Hayes, together with attendant conventional documents and paid the balance of the purchase price with funds secured primarily from the Small Business Administration.

The note required Powers to make interest payments, only, on the first day of October, November and December of 1974. On January 1, 1975, Powers was scheduled to pay Lynn and Hayes an installment of $24,500.00 plus the first regular monthly payment of $5,558.40; he was obligated to pay a monthly installment of $5,558.40 on the first of each month thereafter until the note became paid in full.

On December 31, 1974, the day before the scheduled payments of $24,500.00 and $5,558.40 were due, Powers filed suit against Lynn, Hayes, Stewart Title Company, and James H. Atwill as trustee of the deed of trust. In that petition he alleged, among other things, that because of fraudulent misrepresentations by Lynn about the ease of Powers' acquiring membership with Best Western Motels, Powers was entitled to recission of the sale or, alternatively, to recover damages. On that same day Powers sought and was granted a temporary restraining order enjoining the defendants from accelerating the indebtedness provided in the note, from negotiating or otherwise transferring the note, and from foreclosing on the real property securing the note. Plaintiff did not make the payments due on January 1, 1975, and had not done so at the time of the subsequent evidentiary hearing.

In his petition Powers alleged as a basis for the suit and the requested ancillary injunctive relief: that before closing of the sale in question the Sand and Sea Resort Hotel was affiliated with Best Western Motels, a chain of member motels with home offices in Phoenix, Arizona; that during negotiating before the execution of the real estate sales contract, Lynn knowingly and wilfully represented to Powers that the Sand and Sea was in a condition which was acceptable to the Best Western chain for a continuation of membership; that the affiliation between the motel and the chain was in good standing; and, that, although the membership itself was nontransferrable, Powers would only have to effect the formality of filing an application and receiving approval to continue operating the motel as a member of the chain. Further, Powers alleged that he relied on those representations; that they were untrue; that he was not granted a Best Western affiliation; and that as a consequence he was entitled to either recission or damages in excess of $100,000.00.

The hearing on Powers' request for a temporary injunction pending the trial of this case on the merits was begun on January 10, 1975, and culminated in an order dated January 16, 1975, denying the requested injunctive relief. Plaintiff appeals from this order.

Appellant contends in five points of error that he presented a prima facie case; that the subject matter of the litigation should be preserved; that a multiplicity of suits should be prevented; that there was a substantial, bona fide, litigious controversy between the parties; and that, therefore, the temporary injunction should have been issued.

Appellees assert that the trial court properly denied the injunctive relief sought by appellant because he failed to demonstrate the existence of a probable right subject to protection by injunctive relief.

The evidence offered by the appellant in support of his request for injunctive relief may be fairly summarized as follows.

Powers has been a licensed real estate broker since 1965 and is affiliated with W. L. Bates Company, a real estate brokerage firm in Corpus Christi and Dallas. He also has a law degree, but is not licensed to practice. Before buying the Sand and Sea he had owned a motel in Port Aransas which suffered considerable loss from Hurricane Celia in 1970. As a result, Powers acquired a Small Business Administration loan which he had yet to use in 1974 when he became interested in buying the Sand and Sea. Besides its appearance and location, the hotel interested him because of its affiliation with the Best Western chain. To him the Best Western referral system, national advertising, and travel guide added the extra business necessary to make a motel successful. Thereafter, he asked the Bates Company, which had an exclusive listing on the hotel, to gather information on the property. He stayed at the hotel sometime in April, then in May, and nearly all of June and part of July. During this time he negotiated regarding the proposed purchase. Primarily involved in the negotiations were Dan Bates of the Bates Company, Lynn, Lynn's attorney (James H. Atwill), and Powers.

According to Powers, when he visited in April, Lynn made the representations now complained of and repeated them several times before the real estate sales contract was signed. On August 30, the purchase was closed through Stewart Title.

Thereafter, in early September, Powers sent in his check and application for membership in Best Western. Later in September a Best Western representative inspected the hotel and made a list of deficiencies, a copy of which he left with Powers. Subsequently, in due course of mail, Powers received a letter dated October 24, 1974, from Best Western denying his membership request. They invited him to apply again after he had completed correction of the deficiencies.

To the contrary, Lynn testified that the hotel had been affiliated with Best Western for 13 years before the sale. In negotiating for the sale of the hotel he did not deal with Powers; he dealt with Dan Bates, a realtor (whose commission Powers contracted to pay). He did not speak to or meet Powers before the signing of the real estate sales contract on June 28, 1974. In fact, he never met Powers until the latter part of July or the early part of August, long after the sales contract was signed. He did explain to Bates, however, that the Best Western membership was not transferrable and that Powers would have to get his own affiliation. Neither did Bates make inquiry of Lynn on behalf of Powers about the requirements for transfer of the membership; nor did Powers ever ask Lynn to obtain any information from Best Western; nor did he ask of Lynn what was required to continue the membership. Powers and Lynn never discussed the advantages of a Best Western membership. And certainly there was no discussion of the membership at the closing of the sale on August 30.

At this point we note that the real estate sales contract provided on paragraph XV:

"This contract constitutes the sole and only agreement of the parties hereto and supercedes any prior undertakings or written or oral agreements between the parties respecting the within subject matter, and this contract is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other."

The first rule governing our review of this case is set out in Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462 (1952). There the Supreme Court said that a trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties preceding a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record

**274**

discloses a clear abuse of discretion. Further, we are required to review the evidence, and to draw legitimate inferences from the facts in evidence, in the light most favorable to the trial court's judgment. Erickson v. Rocco, 433 S.W.2d 746, 750 (Tex.Civ.App.—Houston (14th Dist.) 1968, writ ref'd n.r.e.). And where the evidence is in conflict, an abuse of discretion by the trial court is not shown either in granting or refusing a temporary injunction. Carroll v. Lee, 451 S.W.2d 766, 777 (Tex.Civ.App.—Texarkana 1970, writ ref'd n.r.e.); Scanlan v. City of Houston, 137 S.W.2d 204, 205 (Tex.Civ.App.—Galveston 1940, writ dism'd jdgmt cor.); King v. Plainview Nat. Farm Loan Ass'n, 86 S.W.2d 833, 834 (Tex.Civ.App.—Amarillo 1935, no writ). See 31 Tex.Jur.2d Injunctions § 224 (1962); 6 Tex. Practice, Injunctions § 263 (2d Ed.1973).

Because the appellant has cast his appeal solely on whether Lynn made representations relating to the membership in the motel chain, we will review the trial court's action from that viewpoint.

■ What exists is a clear conflict of evidence. Powers said Lynn made the representations about Great Western; Lynn denied making them. So the trial court did not abuse its discretion in accepting Lynn's testimony over Powers'. Carroll v. Lee, supra; Scanlan v. City of Houston, supra; King v. Plainview Nat. Farm Loan Ass'n, supra. The trial court could have inferred that one who is a real estate broker, a holder of a law degree, and a signer of a real estate sales contract that stated neither party was relying on any representation not in the contract, was not likely to have relied on any misrepresentations he claimed were made.

We have considered all of appellant's points of error and they are overruled because he has failed to show a clear abuse of the trial court's discretion.

The judgment of the trial court is affirmed.