11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Charles M. Childers et al

Appellants

Vs.                   No.
11-01-00255-CV B Appeal from Taylor County                                       

Pilares Oil & Gas, Inc.

Appellee

 

The trial
court granted Pilares Oil & Gas, Inc.=s application for a temporary injunction and ordered appellants to Adesist and refrain@ from taking any actions involving Pilares
and from interfering with Norma Eltringham, the new president and director of
Pilares, or Larry Schultz, the other new director of Pilares.  Appellants Charles M. Childers and Edward
Austin had been directors of Pilares, and appellant Nelson Quinn had been legal
counsel for Pilares.  The trial court also
ordered appellants to produce Pilares=s records to Eltringham.  We
affirm.

Pilares
filed suit requesting the trial court to declare that:  (1) Childers and Austin are no longer
directors, officers, or agents of Pilares; (2) Quinn is no longer Pilares=s counsel; (3) Eltringham is president and
treasurer of Pilares; (4) Schultz is vice president and secretary of Pilares;
and (5) Pilares=s board of directors consists of Eltringham
and Schultz.  In this same pleading,
Pilares asked the trial court to issue a temporary injunction requiring
appellants Ato turn over all the books and records of
Pilares...to Eltringham.@  The application for temporary
injunction further requested that appellants be prohibited from transferring
any of Pilares=s assets or acting in any way for or on
behalf of Pilares.  








Appellants
objected to Pilares=s
application for temporary injunction on the ground that Pilares=s pleading failed to comply with TEX.R.CIV.P.
682 and 683.  Pilares supplemented its
original pleading but did not address appellants= objections.  To obtain a
temporary injunction, Pilares had to plead and prove three specific
elements:  (1) a cause of action against
appellants; (2) a probable right to the relief sought; and (3) a probable,
imminent, and irreparable injury in the interim.  Butnaru v. Ford Motor Company, 44 Tex.Sup.Ct.J. 808, 2001 WL
618149 at *7 (June 7, 2001).  In its
pleading, Pilares alleged that the sole shareholder of Pilares had removed
Childers and Austin as officers and directors, that appellants were continuing
to conduct business and pursue legal matters on behalf of Pilares, that
appellants were transferring assets of Pilares, and that A[Pilares] believes that said [appellants=] actions are prejudicial to [Pilares] and
that [Pilares] is entitled to the [injunctive] relief requested.@ 
Pilares pleaded a cause of action but did not mention a probable right
to the relief sought or state why there existed a probable, imminent, and
irreparable injury in the interim. 
Pleadings must set forth detailed facts about the alleged harm; general
or conclusory allegations are insufficient to serve as a basis for injunctive
relief.  See Markel v. World Flight,
Inc., 938 S.W.2d 74, 79 (Tex.App. B San Antonio 1996, no writ); Rawson v. Brownsboro Independent School
Dist., 263 S.W.2d 578, 580-81 (Tex.Civ.App. B Dallas 1953, writ ref=d n.r.e.).

Although
appellants objected to Pilares=s pleading in their original answer, appellants never asserted in the
trial court that there was a lack of notice or that they were not suitably
informed of the cause of action against them or the relief sought.  Texas is a notice pleading state.  Only fair notice of the claim or allegations
need be provided in pleadings.  See TEX.R.CIV.P.
45(b) & 47(a).  Appellants did not
specially except or request a continuance; they appeared at the hearing on the
temporary injunction and announced ready. 
No mention of pleading defect was raised at the hearing until appellants
made their final argument.  The
temporary injunction was Atried by consent.@  See TEX.R.CIV.P. 67.

An
appellate court should only reverse the trial court=s order granting a temporary injunction if
the trial court abused its discretion. 
Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex.1993).  A trial court abuses its discretion where
the law is misapplied to the facts or where the evidence does not support the
findings.  State v. Southwestern Bell
Telephone Company, 526 S.W.2d 526, 528 (Tex. 1975); Ichiban Records, Inc. v.
Rap-A-Lot Records, Inc., 933 S.W.2d 546, 551 (Tex.App. B Houston [1st Dist.] 1996, no writ).  The appellate court must not substitute its
judgment for that of the trial court and will not find that the trial court
abused its discretion in granting the injunction unless the trial court=s action was so arbitrary that it exceeded
the bounds of reasonable discretion. 
Davis v. Huey, 571 S.W.2d 859, 861-62 (Tex.1978).  Additionally, the appellate court should
draw all inferences from the evidence in a manner most favorable to the trial
court=s judgment. 
Rugen v. Interactive Business Systems, Inc., 864 S.W.2d 548, 551
(Tex.App. B Dallas 1993, no writ).








At a
temporary injunction hearing, the applicant is not required to establish that
it will prevail on final trial; the only question before the trial court is
whether the applicant is entitled to preservation of the status quo pending a
final trial on the merits. Walling v. Metcalfe, supra at 58; Double M
Petroproperties, Inc. v. Frisby, 957 S.W.2d 594, 596 (Tex.App. B Eastland 1997, no pet=n). 
The applicant must present some evidence establishing a probable right
of recovery and some evidence that probable harm will occur if the injunction
does not issue.  State v. Southwestern
Bell Telephone Company, supra at 528; Double M Petroproperties, Inc. v. Frisby,
supra.

Based on
the evidence at the hearing, the trial court determined that Pilares had
presented a prima facie case that Tony Davidson was the sole shareholder of
Pilares; that, as the shareholder, Davidson removed Childers and Austin as
directors of Pilares and elected Eltringham and Schultz as the new directors of
Pilares; that Eltringham was elected president and treasurer of Pilares and
Schultz was elected vice president and secretary; that Childers and Edwards had
continued to act as directors, officers, or agents of Pilares in transferring
assets of Pilares; and that, unless appellants were enjoined, Pilares would be
without an adequate legal remedy.








There was
adequate evidence to support the trial court=s findings.  The corporate
records reflected that Davidson was the sole shareholder of Pilares.  In his bankruptcy filing, Childers stated
that Davidson owned all of the stock of Pilares.  A vehicle belonging to Pilares was transferred to Austin after
the temporary injunction hearing began; however, Childers testified that this
transfer was made Asome
time back.@ 
Childers also testified that Pilares had zero value, yet Childers
admitted that he and Austin were Arunning ten, twenty thousand dollars through [Pilares=s] checking account a month.@  The
evidence showed that, a few months prior to the hearing, Pilares=s bank account contained over $10,000; the
bank account contained only $500 at the time of the hearing. Childers also
testified that Pilares was in the business of buying oil and gas leases and
then selling the leases to Aseveral different companies.@  Childers admitted that he had
formed other corporations Ato run assets through@ or A[p]ut oil deals together.@  Both
Childers and Austin were evasive in their testimony at the hearing, repeatedly
stating that they could not recall matters that the attorney for Pilares
inquired about.  The evidence contained
in the record is sufficient to show that a temporary injunction is necessary to
preserve the status quo and that, absent a temporary injunction, probable harm
will occur to Pilares.  The trial court
was entitled to draw the inference that appellants= attempts to continue controlling the assets
of Pilares may diminish the value of Pilares. 
The trial court did not abuse its discretion in granting a temporary
injunction in favor of Pilares to maintain the status quo.  Appellants= sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

April 4, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.