## CITY OF WACO v. GRIMES et al. (No. 317.)

(Court of Civil Appeals of Texas.  Waco.
Dec. 10, 1925.  Rehearing Denied
Jan. 21, 1926.)

**I. Appeal and error** ⊚⊃671(5)—**Validity of ordinance cannot be passed upon where ordinance in effect cannot be determined.**

In suit to restrain enforcement of two city ordinances both requiring same license fee to operate a motor vehicle for hire, where record did not show which of the two ordinances was in effect, both of them not being enforceable at the same time, or whether plaintiffs were owners or chauffeurs of cars operated, the Court of Appeals, being confined to the record, cannot determine whether ordinance in force conflicted with Rev. St. 1925, art. 6698 (Vernon's Ann. Civ. St. Supp. 1918, art. 7012½h), and hence cannot say that court erred in granting temporary restraining order.

**2. Appeal and error** ⊚⊃954(1)—**Injunction** ⊚⊃135—**Granting or refusing injunction within discretion of trial court, not disturbed in absence of abuse.**

Granting or refusing a temporary injunction rests largely within discretion of trial court, and will not be disturbed, unless discretion was abused.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by O. E. Grimes and others against the City of Waco to enjoin enforcement of city ordinances.  From an order granting

temporary injunction, defendant appeals. Affirmed.

John McGlasson and W. L. McConnell, both of Waco, for appellant.

W. B. Carrington, of Waco, for appellees.

STANFORD, J. This suit was instituted by appellees October 24, 1925, to enjoin appellant from enforcing two city ordinances, one of which was adopted by appellant September 30, 1920, amending section 5 of article 74 of the Code of Ordinances of Waco, adopted April 4, 1918; the part material here being as follows:

"Sec. 5. No license for the operation of a service car shall be issued to any person unless such person is at least eighteen (18) years of age, has resided in McLennan County, Texas, for a period of six months next preceding the date of filing said application, and shall have paid to the tax collector a license fee of forty ($40.00) dollars per year, which fee shall begin for the purpose of paying these license fees upon the first day of October of each year," etc.

Also another ordinance was adopted October 16, 1924, providing, in effect, that it shall be unlawful for any person owning a motor vehicle to be operated in the city of Waco for the transportation of passengers for hire, to operate or cause same to be operated in said city, unless a license fee of $40 per annum is paid, and such license obtained, and also a permit fee of $3 per annum is paid, and a permit obtained from the chief of police to so operate said car. The record does not disclose which of said ordinances is in effect. Both said ordinances prescribed a penalty of not more than $200 for their violation.

Appellees, there being a number of them, alleged that they were drivers of motor vehicles used for transporting passengers in the city of Waco for hire. They do not allege whether they were owners of the cars being driven by them for hire, and the license fee was being demanded of them as the owners of said cars, or whether said cars were owned by other parties and being driven by them, and the license fee demanded of them as a chauffeur's license. They alleged further that the said ordinances above set out, requiring them to pay $40 per annum license fee, and $3 per annum permit fee, are void and unenforceable because repugnant to the provisions of the state highway laws of this state, as contained in chapter 190 of the Acts of the Thirty-Fifth Legislature, page 425, enacted in 1917, and especially section 25 thereof, which is now article 7012½h, Vernon's Ann. Civ. St. Supp. 1918, and also article 6698 of the Revised Civil Statutes of 1925. Appellees alleged that the officers of appellant were threatening to arrest and prosecute them under the provisions of said ordinances for failure to pay said $40 per annum license fees, etc., and, unless restrained, appellant would arrest and prosecute appellees under said alleged void ordinances, etc., and prayed that appellant be enjoined from enforcing same, etc. The trial court granted a temporary injunction restraining appellant from enforcing said ordinances in so far as said ordinances required appellee to pay $40 per annum license fee, or any like burdens, for the privilege of operating motor vehicles for the transportation of passengers in the city of Waco for hire. From the order granting said temporary injunction, the city of Waco, appellant, has prosecuted this appeal.

Opinion.

Appellant submits one assignment of error to the effect that appellees' petition was insufficient to entitle them to injunctive relief, and four propositions under said assignment, in effect as follows: (1) That all presumptions are in favor of the validity of an ordinance, and no injunction should be granted restraining its enforcement, unless its invalidity is clearly apparent; (2) that an ordinance requiring an operator of a service car to secure a license and pay a license fee to a city is not in conflict with article 6698 of Revised Statutes of 1925, and its enforcement should not be restrained; (3) that the right of a city to regulate any business by requiring a license to pursue said business carries with it the right to demand and collect a fee for the issuance of such license; (4) that a criminal prosecution cannot be enjoined in a civil action, even when the ordinance under which it is maintained is void, unless the enforcement thereof would result in destruction or damage to property rights.

The first ordinance above referred to provides:

"No license for the operation of a service car shall be issued to any person unless such person * * * paid to the tax collector a license fee of $40.00 per year," etc.

The second ordinance provides:

"Sec. 1. It shall hereafter be unlawful for any person owning any motor vehicle in the City of Waco, which is to be operated for the purpose of transporting passengers for hire, to operate or cause to be operated such motor vehicle, or for any person to drive or operate or cause to be operated any motor vehicle used for the purpose of transporting passengers for hire to operate same except under the terms and conditions as hereinafter set out.

"Sec. 2. Any person, firm or corporation owning any motor vehicle to be used for hire, shall apply to the collector of taxes of the City of Waco for a license to operate such vehicle * * * and pay over to the city tax collector the sum of $40.00 as a license fee," etc.

[1, 2] The record here discloses that the trial court granted a temporary injunction restraining the enforcement of said ordi-

nances in so far as said ordinances required each of appellees to pay $40 per annum as a license fee for the privilege of operating a service car, and the record further discloses that appellant has two ordinances that are different in their terms and provisions, but similar, in that each requires the payment of $40 license fee, and, as the record does not disclose which of said ordinances is in effect, and as the record does not disclose whether appellees were the owners of the cars being operated by them, or whether they were operating said cars as the employees of the owners, and as we are not at liberty to consider any matters outside the record, we cannot intelligently pass upon the controlling question in this case, to wit, whether or not the ordinance in force and under which $40 license fees are demanded of appellees is in conflict with article 6698, Revised Statutes of 1925. Evidently, both of said ordinances are not in effect, and we presume the city is not attempting to enforce both of them; and, as we think it is not the duty of this court to pass upon the validity of an ordinance which is not in force, we cannot determine said controlling issue. We cannot say that the trial court erred in granting the temporary restraining order. Granting or refusing a temporary injunction rests largely within the sound discretion of the trial court, and will not be disturbed, unless it is apparent that such discretion was abused. Meyer et al. v. Cockcroft (Tex. Civ. App.) 273 S. W. 665, and cases there cited.

Finding no reversible error, the judgment of the trial court is affirmed.