## BURRIS v. MYERS.

### No. 9774.

Court of Civil Appeals of Texas. Galveston.

Dec. 17, 1931.

See, also, 49 S.W.(2d) 931.

Burris, Norman & Green, of Houston, for appellant.

Harris & Watkins, of Galveston, and Stewart & DeLange, of Houston, for appellee.

PLEASANTS, C. J.

This appeal is from an order of the court below overruling a motion to dissolve a temporary restraining order theretofore issued by the trial court on July 31, 1931, in favor of appellee against appellant in a suit brought by appellee to enjoin the levy upon his property in Galveston county, of an execution issued upon a judgment of the justice court of Precinct No. 1 of Harris county for the sum of $143.29, and $14.33 costs of court.

The order of the court overruling the motion to dismiss was made by the judge in vacation on October 3, 1931, but was not entered on the minutes of the court until October 14, 1931. The record on this appeal was filed in this court on October 28, 1931. We are met in limine by a motion of appellee to dismiss the appeal for want of jurisdiction because the record was not filed in this court within twenty days after the order refusing the motion to dismiss was made; and because the briefs filed by appellant only complain of the order of the trial court granting the temporary order restraining the appellant from levying the execution upon the judgment against appellee.

On November 12, 1931, on which day this case was set and called for hearing in this court, the motion to dismiss was filed and was submitted with the case. Some time thereafter we considered the motion, and from an examination of the record at that time reached the conclusion that the record was not filed within the time prescribed by the statute (article 4662, R. S. 1925), and for that reason the appeal should be dismissed. A further examination of the record in the preparation of our opinion discloses that, while the order overruling the motion to dissolve was made by the judge in vacation on October 3, 1931, it was not entered of record until October 14, 1931. This is shown by the file mark attached to the order of the judge overruling the motion to dissolve, which recited: "Filed Oct. 14, 1931, as of date Oct. 3rd, 1931." Since the time for filing the record runs from "the entry of record" of the order, we erred in holding that the appeal should be dismissed for failure of the appellant to file the record within the time prescribed by the statute. The other ground of dismissal is, we think, untenable. It is true that the brief bases appellant's complaint of the refusal of the trial court to grant his motion to dissolve on the ground that the restraining order was wrongfully issued. If the restraining order was wrongfully issued, appellant's motion to dissolve which was filed in due time should have been granted.

In this state of the record as we now understand it, we think our former order sustaining the motion to dismiss should be set aside, and it is our duty upon our own motion to so adjudge; and it is so ordered.

This holding requires that we proceed to consider the appeal upon its merits.

In the circumstances, and in view of the importance of the questions presented, upon the request of either party made within fifteen days from this date, we will reset the case for oral argument.

Case reinstated.