## PANCAKE v. KANSAS CITY LIFE INS. CO.

### No. 2165.

Court of Civil Appeals of Texas. Waco.

Dec. 7, 1939.

J. D. Brown, Jr., of Gatesville, and Geo. W. Barcus, of Austin, for appellant.

Hamilton, Lipscomb, Wood & Swift, of Dallas, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the court dissolving a temporary injunction. The motion to dissolve was heard on the sworn pleadings of the parties without the introduction of evidence. There was little, if any, conflict in the allegations made by the respective parties in their said pleadings, which showed the facts hereinafter recited.

J. R. Pancake, a party plaintiff in the court below, on and prior · to August 4, 1936, owned a tract of land in Coryell county, Texas, which tract was encumbered with a lien to secure an indebtedness of approximately $10,000 owed by him to appellee, Kansas City Life Insurance Company. Said Life Insurance Company, on that day, in the district court of Coryell county, recovered judgment against said J. R. Pancake for its debt and for foreclosure of its lien on said tract of land. An order for the issuance of proper process to enforce said judgment and lien was incorporated therein. An order of sale was issued on said judgment, and, according to the allegations of said Life Insurance Company, through inadvertence and mistake, said land was, on October 6, 1936, sold thereunder to N. Foote. Said Life Insurance Company, on October 16, 1936, filed suit in the federal district court at Waco asking that said sale be set aside. The statutory lis pendens notice was filed the same day. On March 22, 1937, said court entered an order setting said sale aside. An appeal was prosecuted from said order but the same was afterwards affirmed. The date of such affirmance is not shown. Sometime thereafter an order of sale on the original judgment in favor of the Life Insurance Company against J. R. Pancake was duly issued, but before a sale thereunder could be made, J. R. Pancake filed in the federal district court a petition under the statutes relating to bankruptcy for extension and compromise of his indebtedness. A hearing thereon was had and an order entered by said court authorizing the Life Insurance Company to proceed with the collection of its judgment. Another order of sale was issued and said land sold to the Life Insurance Company. It was not placed in possession thereof because of the pendency of negotiations between the Life Insurance Company and J. R. Pancake for the lease of said land. Said negotiations failed and the Life Insurance Company sued out a writ of possession, the execution of which was, on the 19th day of October, 1938, restrained by the issuance of the temporary injunction here under consideration.

Appellant Pat Pancake and his father, the said J. R. Pancake, joined in the application for said injunction. Pat Pancake claimed that he, believing said Foote to be the owner of said land, rented the same from him for the years 1938 and 1939; that he had resided and raised crops thereon during the year 1938 and had a right to continue to cultivate and ·reside on said land during the year 1939. Pat Pancake was a minor son of J. R. Pancake. He alleged that the rental contract made by him with Foote was ratified and confirmed by his father, J. R. Pancake, and that either his said father or the said Foote, one or both, had the record title to said property. He did not allege the date of said rental

contract nor that the same was in writing. The Life Insurance Company, in its motion to dissolve, assailed said rental contract on the ground that it was void under the statute of frauds, Vernon's Ann.Civ.St. art. 3995, and also alleged that said Pat Pancake had at all times since the beginning of said original litigation, had actual and constructive knowledge of its rights in and to said premises.

The only ground for injunctive relief presented by J. R. Pancake was that he owned a tract of land adjoining the tract described in the judgment of foreclosure and the said writ of possession issued thereon, and that the Life Insurance Company and the sheriff in whose hands said writ of possession was placed for execution were wrongfully claiming that said adjoining tract owned by him was a part of the tract foreclosed upon and threatening to dispossess him of the same under said writ. No other claim was asserted by J. R. Pancake.

The hearing on the motion to dissolve said temporary injunction was held on the 5th day of December, 1938, and the court found that the same was improvidently granted in so far as it restrained the execution of the writ of possession as to the property described in the judgment of foreclosure, and to that extent dissolved the same. Said injunction was continued in full force and effect as to the 50 acres of land which said J. R. Pancake claimed was not embraced within the description in the judgment of foreclosure and in the writ of possession which the Life Insurance Company was seeking to have executed.

Pat Pancake appealed from said order of dissolution. The court fixed a supersedeas bond in the sum of $1,000, which was given. The court thereupon directed that the execution of the writ of possession as to the property described therein be stayed pending this appeal.

The allegations made by appellant Pat Pancake both in his original and supplemental petitions are very vague. There is nothing to indicate that Foote was ever put in actual possession of the property by the sheriff. Within ten days after the sale to him the same was assailed by suit in the federal district court, which was more than a year before the two year rental term claimed by appellant began. Appellant made no attempt to relieve his rental contract with Foote of any implication that it was void under the statute of frauds, as contended by appellee; neither did he deny that he had actual knowledge of the litigation from its inception continuously until the date of the hearing herein.

■ The judgment rendered in a foreclosure suit is conclusive and binding not only on the parties to the action in which it was rendered, but also on all parties who are in privity with them in respect to the subject matter of the litigation, and in this connection, "privity" means mutual or successive relationship to the same rights of property, and all parties are privies to the judgment whose succession to rights of property therein adjudicated are affected or were derived through or under one or more parties to the action and accrued subsequent to the commencement of the suit. R.S. Art. 2219; Morrison v. Cloud, Tex. Civ.App., 13 S.W.2d 735, 736, 737, pars. 1 and 2, and authorities there cited; Latta v. Wiley, Tex.Civ.App., 92 S.W. 433, writ refused; Morris v. Morgan, 92 Tex. 92, 45 S.W. 1002; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 246, pars. 5 and 6, and authorities there cited. Under the foregoing authorities, the Life Insurance Company's judgment against J. R. Pancake and its writ of possession to enforce the same were valid and binding against appellant Pat Pancake.

■ The granting, refusing or dissolving of a temporary injunction is largely within the sound discretion of the trial court and will not be revised unless an abuse of discretion is apparent. Houston Electric Co. v. Mayor and City Council of City of Houston, Tex.Civ.App., 212 S.W. 198, par. 1; Dilworth v. Buchanan, Tex. Civ.App., 275 S.W. 177, par. 1; Sheppard v. Jacksboro Refining Co., Tex.Civ.App., 123 S.W.2d 497, 500, par. 7, and authorities there cited; City of Waco v. Grimes, Tex. Civ.App., 279 S.W. 312, par. 2. We can not say that the trial court, under the record here presented, abused his discretion in holding that the temporary writ was improvidently granted and in dissolving the same as to appellant. The judgment is therefore affirmed.