**FORD et al. v. STATE ex rel. SCHULTZ.**

**No. 5131.**

Court of Civil Appeals of Texas. Amarillo.

March 18, 1940.

Art Schlofman, of Dalhart, and Works & Bassett, of Amarillo, for appellants.

Harry Schultz, J. S. Bailey, and Tatum & Tatum, all of Dalhart, for appellees.

STOKES, Justice.

This is an appeal from a temporary injunction granted by the district judge in Chambers enjoining and restraining appellants from removing or in any manner molesting a building located upon property formerly belonging to them but which had been condemned for highway purposes. In connection with their motion to dissolve the temporary injunction appellants filed an answer to the allegations of the petition and, upon grounds alleged in their answer, they sought, by way of cross-action, an injunction against appellees and the sheriff of Dallam County restraining them from executing a writ of possession which had been placed in the hands of the sheriff.

The case made by the petition, the motion to dissolve and the answer and cross-action was set for hearing on the 25th of April, 1939. On that day, the record shows, all parties appeared and announced ready for trial. The court heard the pleadings, the evidence and argument of counsel and, after duly considering the same, rendered judgment denying the motion to dissolve the injunction theretofore granted, denying also the application for injunction contained in appellants' cross-action and extending the original injunction until the further orders of the court. It is from that judgment this appeal is prosecuted.

The record is before us without a statement of facts, assignments of error or briefs and we are not apprised, therefore, of the nature of appellants' complaint of the judgment. We have examined the transcript, including the pleadings, judgments and other documents shown therein and we do not find anything in the record which could be considered fundamental error. The rule is well established by the decisions that the granting or refusing of a temporary injunction is a matter that rests within the sound discretion of the trial court and, unless it clearly appears from the record that there has been an abuse of that discretion, the action of the trial court will not be disturbed by an appellate tribunal. Harding v. Pearson & Co., Tex. Com.App., 48 S.W.2d 964; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 271, 272; Woods v. Humber, Tex.Civ.App., 282 S.W. 834; City of Waco v. Grimes, Tex.Civ.App., 279 S.W. 312.

Appellees' pleadings were amply sufficient to support the relief granted and, in the absence of a statement of facts, we have no way of knowing what was shown by the evidence. The record shows that the case was presented by both pleadings and evidence and we must presume the evidence was sufficient to support the judgment rendered by the trial court.

We find no error revealed by the record and the judgment of the court below will be affirmed.