### GRAY v. LUTHER et al.
### No. 13686.

Court of Civil Appeals of Texas, Dallas.
March 22, 1946.

Rehearing Denied April 19, 1946.

Eldon Lee Bell of Dallas, for appellant.
Mart M. Wade of Dallas, for appellees.

YOUNG, Justice.

The appeal is from a denial of temporary injunction upon hearing. Appellant had sought such relief to avoid eviction by Constable Luther, as authorized by a writ of restitution; such process being ancillary to appellee Bryan's judgment of possession of date August 17, 1945, in forcible entry and detainer, cause No. 10,941, Justice Court, Precinct 1, Dallas County. Subject matter of suit involves premises described as 114 South Henderson Street. A temporary restraining order first issued effective until the hearing of October 29, 1945, when the adverse ruling was made.

The August judgment of possession seems to have been by agreement, in which connection Bryan, house owner, promised to withhold issuance of writ of restitution for 30 days, or until about September 14, with Gray continuing to pay the $22.50 monthly rental. On September 20, as Gray alleged and testified, a new agreement was entered into whereby he was to remain in the house indefinitely upon said monthly basis, paying rent to October 14; and that in violation of the last arrangement, Bryan proceeded to seek issuance of the writ of restitution on October 15. Bryan did not deny acceptance of rent for aforesaid use of the property after judgment; testifying that Gray had desired to retain the Henderson Street house until the completion of one the latter was building; that such request was refused, but was the reason for the 30-day postponement of writ of restitution; the second 30-day period to October 14, being gratuitously extended before recourse to possessory writ following the prior judgment.

Validity of the forcible entry proceedings is not questioned, appellant simply contending that the judgment therein had been satisfied or at least novated by the subsequent agreement relative to rental and possession.

Courts are not inclined to extend the injunctive arm to contests involving realty, where the issue concerns a right of possession thereto. In the instant case appellant seeks to defend against a justice court writ of possession, valid and legal on its face, by district court injunction, without any showing that his remedy at law has proved fruitless or unavailing. In cases closely analogous, the litigant has been remitted to his relief at law. See Burris v. Myers, Tex.Civ.App., 49 S.W.2d 930, 931, 933, where, on evidence establishing fraud in procurement of a judgment of the justice, not discovered until too late for appeal or certiorari, the superior court injunction was nevertheless held unauthorized. Quite applicable to the present record is the rule there stated: "It is true that the justice court has no power or jurisdiction to issue a writ of injunction, but the remedy by a bill of review was available to appellee in that court, and until he had exhausted all his remedies in the court which rendered the judgment, no other court had jurisdiction to determine the validity of that judgment, which, as we have before said, is not void upon its face, but is only voidable and should be set aside upon proof of the facts stated in appellee's petition in a timely proceeding taken for that purpose in the justice court. The inherent power or jurisdiction of a justice court to set aside a judgment in a suit of which the court has jurisdiction which was obtained by fraud cannot be doubted, and when, as alleged in this suit, the fraud was not discovered until the time in which an appeal or certiorari could be prosecuted, relief can be obtained by timely proceedings in the justice court on petition in the nature of a bill of review." (Citing authorities.)

The rule is likewise well settled that the grant or refusal of a temporary injunction is a matter largely within the trial court's sound discretion. No abuse thereof being shown here, the ruling complained of will not be disturbed. Pancake v. Kansas City Life Ins. Co., Tex.Civ.App., 134 S.W.2d 776. And unquestionably an

issue of fact appears as to whether the subsequent understanding between the parties was tantamount to a satisfaction of the prior subsisting judgment  In nonjury trials, the court rendition must be affirmed if there is competent evidence to support it upon any theory of the case.  Gulf Coast Chemical Co. v. Hopkins, Tex.Civ.App., 145 S.W.2d 928.

Accordingly, the judgment refusing grant of interlocutory injunction is affirmed.