**BLOOMFIELD STEAMSHIP COMPANY,**
Appellant,

v.

**P. M. MATTISEN, Appellee.**

No. 12953.

Court of Civil Appeals of Texas.
Galveston.

Feb. 23, 1956.

**698**

Sam D. W. Low, Houston, for appellant.

Al L. Crystal, Houston, for appellee.

CODY, Justice.

This is an appeal from an order of the 133rd District Court of Harris County, the Honorable Wilmer B. Hunt presiding, denying appellant's application for a temporary injunction to prevent the taking of the ex parte deposition of appellant's president under Rule 187, Texas Rules of Civil Procedure, in order to perpetuate his testimony for use in an alleged contemplated suit against appellant corporation for the breach of a written contract of employment between appellant and the applicant whereby under the terms of the contract of employment applicant became an employee-officer-director and stockholder of appellant company and of its several associated companies.

Appellant predicates its appeal upon three points, the first of which in effect urges that the application to take testimony under Rule 187, T.R.C.P. shows on its face that the party sought to be interrogated is not "a witness to be used in such suit" but the application, as contemplated by Rule 187, is to take the deposition of the principal officer of the proposed corporate defendant, so that the court erred in refusing to enjoin the taking of such deposition under said Rule 187.—We overrule the first point. The rule, so far as is here material, reads:

"When any person may anticipate the institution of a suit in which he may be interested, and may desire to perpetuate the testimony of a witness to be used in such suit, he, his agent or attorney, may file a written statement in the proper court of the county where such suit could be instituted, representing the fact and the names and residences, if known, of the persons supposed to be interested adversely to said person; a copy of which statement and writ shall be served on the persons interested adversely. * * *" Said Rule 187 superseded the statute, which to all intents and purposes, so far as is here material, reads the same. The statute, R.S. Article 3742, which was superseded by the Rule, was first enacted in 1848 and has received no material changes since it was enacted, and has received no material changes in being translated into Rule 187. The statute was exhaustively reviewed by Judge McClendon in Guthrie v. Speck, Tex.Civ.App., 53 S.W. 2d 318–320 (no writ history), and it was there stated: "The purpose of our statute was, we think, to substitute a simple legal procedure for the bill in equity, which in many respects may be regarded as cumbersome and technical; and while many of the requirements of the bill have been eliminated in the statute, we think the requirement that the application should represent the facts was intended to cover the requirement of the bill that it set forth 'the subject-matter of the controversy,' at least in general terms, so as to acquaint the adverse party of the nature of the anticipated suit."

The motion to take the testimony of appellant's president, in addition to containing the matter stated hereinabove, contained the following:

"Applicant anticipates filing suit against said Bloomfield Steamship Company for breach of said contract in the District Court of Harris County, Texas, which is the proper court where such suit could be instituted, and desires to perpetuate the testimony of said B. M. Bloomfield, a witness to be used in such suit by taking his oral deposition.

"This, his testimony, is not only material, but indispensable, and which cannot be obtained from any other source. Applicant intends to interrogate said witness as to facts and circumstances in connection with such contract, his duties, his service in office, and of his discharge by said Bloomfield Steamship Company, which he alleged constitutes a breach of such contract."

The terms of the application are sufficiently general to allow the applicant to go on a fishing expedition. On the other hand, assuming good faith on the part of the applicant, the application is sufficient to show the nature of the suit which applicant "anticipates" filing. The appellant had it in his power to file special exceptions to pin down the applicant to the character of the suit such as to prevent the applicant under the guise of filing the suit in question from getting testimony relating to other controversies which appellant showed in his suit for injunction as existing between the parties.

By its second point appellant urges that the true purpose of the applicant's proceeding was to circumvent, evade and avoid the plain purpose and wording of Rule 188, T.R.C.P., providing for adverse party depositions by attempting to take the deposition of a corporate officer of the adverse party in the anticipated suit by ex parte proceeding under Rule 187, and for that reason appellant contends that the court erred in refusing to enjoin the taking of the testimony under such Rule. We overrule this point and what we have to say relative to the third point will be equally applicable to the second point.

Appellant's third point challenges the bona fides of the proceeding and alleges that no showing of necessity or good faith was made in that proceeding and that the court erred in not holding that the application to take the deposition of the president of the appellant corporation was a "fishing expedition", entitling appellant to relief therefrom by injunction.

In this connection, appellant urged in its application for temporary injunction against the granting of the application to proceed under Rule 187, among other things, that the applicant failed to advise the court that the deposition proposed to be taken was that of B. M. Bloomfield, the president of Bloomfield Steamship Company, in a proposed suit to be filed against said corporation, and alleged that the proposed deposition is in fact the deposition of the adverse party in said proposed suit acting through its president. Appellant also points out as being material that applicant is a former officer and director and now a stockholder of said Bloomfield Steamship Company and of its several associated companies and that applicant has threatened legal action against the corporation in his capacity as a stockholder and has in writing demanded the return of certain stock in said company now in the hands of an escrow agent, and appellant also alleges that plaintiff's attempt to take the deposition of appellant's president is a "fishing expedition" for the purpose of trying to ascertain facts about the appellant which may be pertinent to other and different causes of action than the one specified in said statement.

We will not pass on whether or not the application of applicant might have been sufficient to have sustained a conclusion by the court that the application was not made in good faith but was set up for the purpose of conducting a "fishing expedition." We think that by special exceptions in connection with the application for a writ to perpetuate testimony, the appellant could have pinned down applicant to the matters which related only to the aforesaid contract of employment and its purported breach, and appellant could have had the applicant enjoined with reference to taking testimony relative to other controversies pending between the parties. While there is no adjudicated case holding this, that we have been able to find, under the Texas Rules of Civil Procedure and under the holding in Guthrie v. Speck, supra, the appellant undoubtedly had the right to take such steps as would assure the good faith

of the applicant and to prevent any excursions into other matters which would be in the nature of a "fishing expedition" to get evidence relating to other controversies between the parties.

The judgment of the trial court is affirmed.