**W. Howard LEE, Appellant,**

v.

**Hedy Lamarr LEE et al., Appellees.**

**No. 13968.**

Court of Civil Appeals of Texas.

Houston.

June 14, 1962.

Rehearing Denied July 12, 1962.

Second Motion Overruled Sept. 13, 1962.

Jack Binion, Fletcher H. Etheridge, Houston, Butler, Binion, Rice & Cook, Houston, of counsel, for appellant.

Fred Parks, Donn C. Fullenweider, Houston, for appellees.

WERLEIN, Justice.

This is an appeal by W. Howard Lee from an order of the trial court dissolving a temporary injunction previously granted restraining appellees, Hedy Lamarr Lee et al., from taking the depositions of some 13 witnesses to perpetuate their testimony in a suit which appellee alleged she anticipated filing against appellant. At the time the temporary injunction was granted on June 23, 1961, the trial court ordered that the writ of injunction should issue without prejudice to the right of appellees to move to dissolve the injunction after having amended their petition to perpetuate testimony so that the same would include such information regarding the nature of the anticipated suit as would fairly enable appellant Lee and his attorneys to cross-examine the proposed witnesses on the taking of their depositions. Thereafter, appellees filed an amended statement, which was sworn to, in which they alleged that appellee Hedy Lamarr Lee still desired to perpetuate testimony pursuant to Rule 187, Texas Rules of Civil Procedure, and as a basis therefor represented to the court:

"That your Petitioner anticipates the institution of a suit in which she may be interested; that such suit as is anticipated will, if instituted, involve in excess of $1,000.00 and could properly be brought in a District Court of Harris County, Texas; that the name and residence of the person supposed to be interested adversely to your Petitioner is W. Howard Lee, 3005 Buffalo Drive, Houston, Texas; that your Petitioner desires to perpetuate the testimony of the following named persons to be used as witnesses in such anticipated suit. The names and addresses referred to are as follows: [We omit the names and addresses].

"That such suit as is anticipated will, if instituted, relate to the community property of W. Howard Lee and his wife, Mrs. Hedy Lamarr Lee. That

your Petitioner and W. Howard Lee were married in New York City, New York during the month of December, 1953, and that they were permanently separated from each other during the year 1958 and were divorced by decree of divorce rendered by the Court of Domestic Relations No. 3 of Harris County, Texas, on April 22, 1960. Petitioner anticipates the filing of a suit growing out of intentional acts of W. Howard Lee, his agents, servants and employees under his direction and control, which resulted in the secretion of community funds and the denying to Petitioner a fair opportunity at the divorce trial of Hedy Lamarr Lee and W. Howard Lee of litigating and having determined her rights in and to the community property of Hedy Lamarr Lee and W. Howard Lee.

"That a copy of this First Amended Statement has been furnished the law firm of Butler, Binion, Rice & Cook, the attorneys for W. Howard Lee.

"WHEREFORE, Petitioner prays that the deposition of the witnesses named in paragraph 4 above be taken and returned as required by law."

On December 20, 1961 the trial court, on motion of appellees, entered an order dissolving the temporary injunction. In such order the court recited, among other things, that Hedy Lamarr Lee has filed an amended statement pursuant to Rule 187, T.R.C.P., in Cause No. 572,318, styled In The Matter of The Testimony of W. Howard Lee et al., in the 157th Judicial District Court of Harris County, Texas, "and it appearing to the Court that said amended original statement was filed in good faith, and it further appearing to the Court that said amended statement to perpetuate testimony includes such information regarding the nature of the anticipated suit as will fairly enable Plaintiff, W. Howard Lee, and his attorneys to cross-examine each of the proposed witnesses named in said statement to perpetu-

ate testimony on the taking of depositions to perpetuate testimony; that the temporary injunction should be dissolved."

Appellant contends that the trial court erred and abused its discretion in finding that appellees' amended application to perpetuate testimony was filed in good faith, and in dissolving the temporary injunction. Appellant further contends that the trial court abused its discretion in finding that appellees' amended application was sufficient.

■ We cannot say that the trial court erred or abused its discretion in either particular. Rule 187, T.R.C.P., contemplates that the statement will include such information regarding the nature of the anticipated suit as will fairly enable the adverse party to cross-examine the witness. It does not require or contemplate that the statement will show the testimony which the moving party expects to elicit from the witness. Nor does it require as a condition to the right to perpetuate testimony thereunder that the applicant be unable to file the suit and obtain the testimony by ordinary deposition; nor is the statement required to allege that the proceeding is instituted in good faith and not as a fishing expedition. The good faith of the moving party is presumed unless the contrary is established by the allegations of the statement or by the evidence. Ramsey v. Gardner, 1955, 154 Tex. 457, 279 S.W.2d 584.

It is true that the allegations of the statement in the present case as to the nature of the anticipated suit are somewhat broad and general. The statement does show, however, that the anticipated suit if instituted will relate to the community property of W. Howard Lee and Mrs. Hedy Lamarr Lee, who were divorced on April 22, 1960. The statement also shows that the petitioner anticipates the filing of a suit growing out of intentional acts of W. Howard Lee, his agents, servants and employees under his direction and control, which resulted in the secretion of communi-

ty funds and in denying to petitioner a fair opportunity in the divorce trial of litigating and having determined her rights in and to the community property of herself and W. Howard Lee.

■ We think this statement limits the inquiry to intentional acts resulting in the secretion of community funds which denied the petitioner a fair opportunity at the divorce trial to litigate and have determined her rights in and to the community property of the parties. As stated in Ramsey v. Gardner, supra, Rule 187 does not contemplate or require that the statement show the testimony which the moving party expects to elicit from the witness. It is not necessary for petitioner to allege specific facts or describe specific property that has been secreted. If the petitioner had knowledge of the specific facts and the description of property secreted, the petitioner could immediately file a suit without the necessity of taking depositions to perpetuate testimony of witnesses in an anticipated suit.

Appellant stresses at great length the fact that appellee and her attorneys made a full and complete investigation of the property of the parties, and came to the conclusion that the settlement was fair and equitable; that appellee, Hedy Lamarr Lee, was completely satisfied with such settlement after investigating the same; that she agreed to the settlement, and authorized her attorneys to withdraw her contest to Mr. Lee's suit for divorce. Appellant also emphasizes that Hedy Lamarr Lee voluntarily absented herself from the trial at which she had every opportunity to determine the nature and extent of the community property. He therefore contends that in filing her petition to take depositions to perpetuate testimony of witnesses she is not acting in good faith.

The fact that an investigation and audit were made in connection with the divorce proceedings, and thereafter an agreement was entered into and duly executed by the parties and approved by all counsel and the court, does not establish that appellees are not proceeding in good faith, in alleging in their sworn amended statement that petitioner anticipates the filing of a suit growing out of intentional acts of appellant and his agents which resulted in the secretion of community property and in denying petitioner a fair opportunity to litigate and have determined her community rights. The pleadings, the sworn amended statement and the evidence do not establish as a matter of law lack of good faith, or that appellees contemplate excursions into other matters which would be in the nature of a "fishing expedition" to get evidence relating to other controversies between the parties. Bloomfield Steamship Co. v. Mattison, Tex.Civ.App., 287 S.W.2d 697.

The trial court recited in its order that it appeared that the verified amended statement was filed in good faith. We think this finding of the trial court has some support in the evidence. In addition to the sworn amended statement filed by appellees, which the court could consider, there was other evidence. Arthur F. Thompson, a certified public accountant, who was requested by Mrs. Lee and one of her attorneys to examine appellant's books and records, testified that he examined the personal books of Mr. and Mrs. Lee and that he gave Mrs. Lee's attorney a transcript of the books and records in summary form. He further testified that he did not make an examination of the books of Lee Brothers, a partnership in which appellant was a partner; that he requested that such books be furnished him, but they were not furnished; and that he was not furnished any books or records for examination, other than the personal books and records of Mr. Lee, although he did see the partnership income tax returns.

■ Furthermore, as recited in appellant's brief, appellees' attorney, Fred Parks, stated to the court that he was employed in

the matter by Mr. Giesler's firm in California, and that Mr. Boies came here and they had had a long conference and that based upon such conference and the facts related to him, he felt there was a possibility that facts could be developed to set aside the property settlement, and that if such facts did exist sufficiently to justify filing a law suit, such suit would be filed. If the depositions which appellees seek to take should disclose that appellant had secreted community funds or property and had thereby prevented Mrs. Lee from litigating the same, the property settlement might be set aside. 20 Tex.Jur.2d, p. 582, § 253; Eldridge v. Eldridge, Tex.Civ.App., 259 S.W. 209; Novy v. Novy, Tex.Civ. App.1950, 231 S.W.2d 780.

The law is well settled that the exercise of the power to grant, refuse or dissolve a temporary injunction is within the sound discretion of the trial court. An appellate court will not set aside an order of a trial court granting, refusing or dissolving a temporary injunction unless it is established that the trial court abused its discretion in entering the order. All reasonable presumptions will be indulged in support of the trial court's judgment. Railroad Commission v. Shell Oil Co., Tex. Sup.1947, 206 S.W.2d 235; Pancake v. Kansas City Life Ins. Co., Tex.Civ.App., 134 S.W.2d 776; Missouri Pacific Transp. Co. v. Union Bus Lines, Tex.Civ.App., 210 S.W.2d 846; 31 Tex.Jur.2d, p. 282, § 164.

We cannot say that the trial court abused its discretion in dissolving the temporary injunction previously granted and in refusing to enjoin the taking of the depositions in question.

Judgment affirmed.

### On Motion for Rehearing

In his motion for rehearing, appellant complains of our statement that the Amended Statement is verified. The affidavit which follows the Amended Statement has

reference to the motion to vacate the temporary injunction, to which motion a copy of the Amended Statement is attached. Such motion, however, expressly incorporates in it the Amended Statement as if copied verbatim therein. We make this statement in the interest of accuracy, although we consider the point of no appreciable significance insofar as the trial court's finding of good faith is concerned.

Motion for rehearing is overruled.