DIESEL INJECTION SALES & SERVICE, INC., Appellant,

v.

Hector GONZALEZ, John Way, and Schwing Diesel Company, Inc., Appellees.

No. 2435.

Court of Appeals of Texas, Corpus Christi.

Feb. 25, 1982.

Andrew J. Lehrman, Sorrell, Anderson & Sorrell, Corpus Christi, for appellant.

Ron Barroso, Corpus Christi, for appellees.

Before NYE, C. J., and BISSETT and YOUNG, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a denial of a temporary injunction. Diesel Injection Sales and Service (Diesel Injection) as plaintiff, filed suit against Hector Gonzalez, John Way and Schwing Diesel Company, Inc. (Schwing), as defendants, to enforce a non-competition covenant in Gonzalez' and Way's employment contracts.[1] The district court denied the application for temporary injunction and plaintiff appealed.

Diesel injection is in the specialized business of diesel engine repair work, involving diesel injection services and the rebuilding of fuel injection systems on diesel engines. They also offer over-the-counter sales of diesel related parts. Gonzalez and Way, former employees of Diesel Injection, left the company and began working for Schwing in violation of their employment agreements. These agreements were to be effective for a period of two years after terminating their employment with Diesel Injection.

Testimony at the hearing reflects that Diesel Injection and Schwing are the only two diesel injection businesses in Nueces County which service the major manufacturers of fuel injection equipment. Diesel Injection asserts that in this specialized field the competition is keen, and therefore the continued violation by the appellees of their employment contracts threatens the goodwill and reputation of Diesel Injection. They seek injunctive relief to enforce their employment agreements with Gonzalez and Way and to enjoin Schwing from employing Gonzalez and Way in violation of said agreements.

The only question before the Court in a hearing on the application for a temporary injunction is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953); *AMF Tuboscope v. McBryde*, 618 S.W.2d 105 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n. r. e.); *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.). To prevail on an application for temporary injunction, an applicant need only plead a cause of action and show a probable right on final trial to the relief he seeks and probable injury in the interim. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968). See *Davis v. Huey*, 571 S.W.2d 859 (Tex. 1978); *AMF Tuboscope v. McBryde*, supra.

The general rule of law in Texas is that a trial court is clothed with broad

---

1. The contract stated: (3.) The EMPLOYEE shall not engage in the County of Nueces or any county in which the Company has heretofore or in which the Company is presently conducting business within the State of Texas, as a diesel fuel injection mechanic for any other business which conducts business in competition with the Company in said area above described from the date hereof (2) two years after his employment with the Company is terminated."

discretion in determining whether to issue, or not, a temporary injunction to preserve the rights of the parties pending a final trial of the case on its merits. When that discretion is exercised, it should not be overturned on appeal unless the record discloses a clear abuse of discretion. *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (Tex.1952); *Home Sav. Ass'n v. Ramirez*, supra. In reviewing the order denying the temporary injunction, we must draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *Hartwell's Office World, Inc. v. Systex Corporation*, 598 S.W.2d 636 (Tex.Civ.App.—Houston [14th Dist] 1980, writ ref'd n. r. e.). In addition, in reviewing a trial court's judgment where findings of fact and conclusions of law are not filed, this Court will uphold the judgment on any legal theory supported by the evidence. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968); *Public Utilities Bd. v. Central Power & Light*, 587 S.W.2d 782 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.).

■ In the present case, the evidence reveals that Gonzalez and Way worked for Diesel Injection as diesel engine mechanics with virtually no contact with the public. There is no evidence to indicate that Gonzalez or Way succeeded in or attempted to "pirate" away customers from Diesel Injection to Schwing. Frank Schwing, partowner of Schwing Diesel, testified that as a result of having employed Gonzalez and Way, Schwing Diesel had not received any additional business; Gonzalez and Way had not brought Schwing Diesel any new customers; nor had Schwing Diesel obtained any new techniques, procedures or secrets.

This case is similar in all respects to a prior case appealed to this Court between Diesel Injection, as plaintiffs, and another former employee who was hired by Schwing Diesel Injection. In our decision in that case we held that Diesel Injection had pled a cause of action, may have shown a probable right to relief on the merits, but had failed to show a probable injury in the interim. *Diesel Injection Sales & Service, Inc. v. Renfro*, 619 S.W.2d 20, 22 (Tex.Civ. App.—Corpus Christi 1981, writ ref'd n. r. e.)

In an attempt to show probable injury in the interim under the present circumstances, Diesel Injection introduced testimony to show that they had suffered both a substantial monetary loss as well as a substantial loss to their goodwill and reputation in the community. In support of this position, Alton Koenning, president of Diesel Injection, testified that, as a result of Way and Gonzalez leaving Diesel Injection's employment, Diesel Injection lost its account with Harker Drilling and Blocker Drilling. They assert that this resulted in a monetary loss to Diesel Injection in the sum of approximately fifty thousand dollars ($50,000.00). In addition, Koenning testified that as a direct result of having to train a substantial number of new employees, they have been damaged by not being able to get out their work as fast as when Gonzalez and Way were employed. Evidence was also presented to show that as a direct result of Gonzalez and Way leaving Diesel Injection's employment, their business reputation and goodwill have been damaged through statements made by Schwing to various customers of Diesel Injection to the effect that Schwing had hired all of Diesel Injection's key employees.

We find from the record competent evidence presented by Schwing rebutting the evidence of interim damages presented by Diesel Injection. Steve Hudson, a diesel fuel mechanic for Diesel Injection, testified that he did not believe that the loss of Gonzalez and Way had hurt the business of Diesel Injection. Testimony was adduced that within the last three years, at least twenty mechanics had left Diesel Injection's employment, including the loss of four employees within the last eighteen months. In spite of this turnover, Diesel Injection continued to hire new employees to maintain their workload. Both Gonzalez and Way testified that before they had left Diesel Injection, they had trained individual mechanics to perform the jobs that they had been trained to perform.

To rebut the evidence concerning the loss of the Harker Drilling and Blocker Drilling accounts by Diesel Injection, Frank Schwing testified that he had been doing business with both of these accounts when Gonzalez and Way came to work for him. In addition, he stated that he had not acquired any new customers, gotten additional business, nor had he obtained any new techniques, procedures or secrets as a result of hiring Gonzalez and Way.

Schwing testified in addition that customers have not in any way indicated that they were bringing work to them as a result of his hiring Gonzalez or Way. Evidence was further presented that neither Gonzalez nor Way took with them customer lists; nor did they solicit any of Diesel Injection's customers when they went to work for Schwing. All of the above quoted evidence may be quite relevant in the trial on the merits, but standing alone, it does not indicate to us that the trial court abused its discretion in denying the temporary injunction. This is especially true where we are bound to view the evidence as we do in such an interlocutory appeal.

The denial of the temporary injunction did not constitute an abuse of discretion by the trial court. All points of error which have been brought forward by plaintiff are overruled.

Due to the nature of this case, and the potentially continuing damages, it is suggested by this Court that the trial court schedule a trial of this case on the merits at the earliest possible date.

The judgment of the trial court is affirmed.