Cecil Wayne GREATHOUSE, Appellant,

v.

Dorothy Geraldine GREATHOUSE and Roger W. Wilson, Appellees.

No. 13–83–213–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1983.

Rehearing Denied Dec. 15, 1983.

Robert R. Miller, Corpus Christi, for appellant.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from the granting of a temporary injunction. Appellee brought suit as an intervenor in an action between appellant and his ex-spouse to obtain specific performance of an earnest money real estate contract for the purchase of certain property which was a part of the litigation between appellant and his ex-spouse. Appellee sought to enjoin appellant from interfering with his possession of the property pending the outcome of his intervention action. At the conclusion of the hearing, appellant was temporarily enjoined from interfering with appellee's possession of the property. We affirm the judgment of the trial court.

In October 1979, appellee as buyer and appellant as seller executed a lease/purchase contract for some residential property which is the subject of this litigation. The contract provided that appellee would make payments on the property which were to be credited against the purchase price. The lease/purchase contract provided that the sale must close within a period not to exceed two years from the expiration of the initial two-year term of the lease. This date was calculated to be June 30, 1982.

The undisputed evidence shows that the appellee went into possession of the property in November or December of 1979; has maintained continuous possession of the property since that date and has made significant valuable improvements to the property since going into possession. The evidence is also undisputed that appellee had made repeated attempts to close the sale of the property prior to June 30, 1982, and that appellee had complied with all financial requirements and was capable of tendering to appellant the full contract price on that date. The sale of the property has never been consummated, and the appellee stopped making payments to the appellant on June 30, 1982.

As a result of the litigation between appellant and his ex-spouse, a Lis Pendens

notice was filed against the property. Appellee had notice of this Lis Pendens but was willing to purchase "around" the cloud on the title upon agreement of all parties. Appellant's attorney testified that appellee's ex-spouse had agreed to the sale and the removal of the cloud against the title.

In March of 1983, appellant's attorney notified appellee that his tenure under the lease was terminated and demanded that appellee remove himself from the property within 30 days. Appellee filed an action for specific performance of the earnest money contract and for some type of an enforcement of equitable title to the property.

In his only point of error, it is appellant's contention that the trial court lacked jurisdiction to enjoin appellant because the only dispute between the parties was over possession of the property, and jurisdiction over the possession issue was exclusively within the Justice of the Peace court. We pause to note that no forcible entry and detainer action was ever filed by appellant. Appellant's argument appears to be that he is now enjoined from filing such an action should he now so desire.

■ On review of an order granting a temporary injunction, this court is limited to determining whether there has been a clear abuse of discretion by the trial court in granting the injunction. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978); *Diesel Injection Sales & Service v. Gonzalez,* 631 S.W.2d 193 (Tex.App.—Corpus Christi 1982, no writ); *Powers v. Lynn,* 523 S.W.2d 271 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). In reviewing an order granting or denying a temporary injunction, all reasonable presumptions will be indulged in support of the trial court's judgment. *Diesel Injection Sales & Service v. Gonzales,* 631 S.W.2d at 194; *Lee v. Lee,* 359 S.W.2d 654 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.). To prevail on an application for temporary injunction, applicant need only plead a cause of action and show a probable right on final trial to the relief he seeks and probable injury in the interim. *Sun Oil Company v. Whitak-*

*er,* 424 S.W.2d 216 (Tex.1968); *Diesel Injection Sales & Service v. Gonzalez,* 631 S.W.2d at 194. At a hearing on a temporary injunction question, the only issue before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Diesel Injection Sales & Service v. Gonzalez,* 631 S.W.2d at 193.

Appellee's cause of action is misstated by appellant. Appellee's cause of action is for title to the property, not possession; although, since appellee is currently in possession of the property, that issue could also be present. Appellant cites this court as authority for his proposition to our opinion in *Home Savings Ass'n v. Ramirez,* 600 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.) wherein we held it improper for a district court to enjoin a Justice of the Peace or county court from issuing a judgment of forcible entry and detainer and a writ of restitution.

■ The distinction between the *Ramirez* case and the case at bar is clear. The trial judge has not attempted in any way to interfere with the prior exclusive jurisdiction of the Justice of the Peace court to hear a forcible entry and detainer action and to issue a writ of restitution. Where there is any question of title involved in the issuance of a judgment of forcible entry and detainer and a writ of restitution, it is improper for the Justice of the Peace court to issue said judgment and writ. Such subsequent action is subject to being enjoined by the district court wherein the issue of title is properly to be heard. See *Haith v. Drake,* 596 S.W.2d 194 (Tex. Civ.App.—Houston [1st Dist.] 1980, no writ); *Rodriguez v. Sullivan,* 484 S.W.2d 592 (Tex.Civ.App.—El Paso 1972, no writ); *Pendleton v. Crabtree,* 214 S.W.2d 675 (Tex.Civ.App.—Amarillo 1948, no writ). Where the issue of title is raised by the pleadings, the district court has exclusive jurisdiction to hear the title question. Tex. Rev.Civ.Stat.Ann. art. 1906 (Vernon 1964).

■ Appellant also raises the issue that appellee has an adequate remedy at law and is, therefore, not entitled to a temporary injunction. We disagree. The trial

court recites in its judgment that the last peaceable non-contested status of the property pending the controversy in question was at the time when the appellee was in possession of the property. We can perceive of no other legal remedy which would have restored or maintained that status other than the temporary injunction. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.

### OPINION ON MOTION FOR REHEARING

In its first point of error on motion for rehearing, the appellant complains that this Court misstated the record wherein we stated that *appellant's* attorney testified as to certain agreements. We acknowledge that we inadvertently juxtaposed appellant and appellee in that sentence. We hereby amend our opinion to read that "appellee's attorney testified that appellant's ex-spouse had agreed to the sale and removal of the cloud against the title."

We have reviewed the remainder of appellant's points of error on rehearing and find none of them germane to the issues presented by an appeal from a granting of a temporary injunction. Appellant's motion for rehearing is denied.