Juventino **CANALES** and Ramona L. Canales, Appellants,

v.

**BORG–WARNER ACCEPTANCE CORPORATION, et al.,** Appellees.

No. 13–82–261–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 29, 1983.

William H. Berry, Jr., Corpus Christi, for appellants.

C.M. Henkel, III, Robert J. Patterson, Corpus Christi, for appellees.

Before KENNEDY, BISSETT and GON-ZALEZ, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from an order partially denying a temporary injunction. Appellants sought, by temporary injunction, to restrain appellees from interfering with their son's possession of certain real property located in Nueces County, Texas and, additionally, from selling or in any way disposing of said real property during the pendency of the litigation. Appellants brought suit to set aside a foreclosure and subsequent trustee sale of a residence located at 2626 Nimitz, Corpus Christi, Nueces County, Texas. Appellants alleged that the lien which was foreclosed against said property was improperly perfected against the homestead and, additionally, that there were other fatal irregularities in the foreclosure and sale of the property. The property is owned by appellants and is occupied by their son and daughter-in-law. At the conclusion of the hearing, the trial court granted the temporary injunction as to the disposition of the property but refused to enjoin the appellees from interfering with possession of the property by appellants' son and daughter-in-law. We affirm.

In March of 1980, appellants' son entered into an improvement retail installment contract and contract for labor and materials and deed of trust with Ace Siding, Inc. Upon discovery that the son was not the owner of the property, said contracts were subsequently signed by the appellants. The contracts were subsequently assigned to appellee, Borg-Warner Acceptance Corporation. In January of 1982, appellee Borg-Warner allegedly notified appellants that they were in default on the terms of said contract and that the property was subject to foreclosure. In April of 1982, notice of trustee sale was posted, and in June of 1982, the real property which is the subject matter of this appeal was sold to appellee, Katherine Rodriguez.

In their first point of error, it appears that appellants are complaining of the action of the trial court in denying the temporary injunction restraining appellees from interfering with possession of the real property because the evidence establishes as a matter of law that they are entitled to such relief, or in the alternative that the trial court's judgment denying said temporary relief is against the great weight and preponderance of the evidence. In considering

a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 359 (1961).

In reviewing an order granting or denying a temporary injunction, all reasonable presumptions will be indulged in support of the trial court's judgment. *Diesel Injection Sales & Service, Inc. v. Gonzalez,* 631 S.W.2d 193 (Tex.App.—Corpus Christi 1982, no writ); *Lee v. Lee,* 359 S.W.2d 654 (Tex.Civ.App.—Houston 1962, writ ref'd n.r. e.). To prevail on an application for temporary injunction, an applicant need only plead a cause of action and show a probable right on final trial to the relief he seeks and probable injury in the interim. *Sun Oil Company v. Whitaker,* 424 S.W.2d 216 (Tex. 1968); *Diesel Injection Sales & Service, Inc. v. Gonzalez,* 631 S.W.2d at 194.

The general rule of law in Texas is that a trial court is clothed with broad discretion in determining whether to issue, or not to issue a temporary injunction to preserve the rights of the parties pending a final trial on the case on its merits. When that discretion is exercised, it should not be overturned on appeal unless the record discloses clear abuse of discretion. *Texas Foundries, Inc. v. International Molders & Foundry Workers Union,* 151 Tex. 239, 248 S.W.2d 460 (1952); *Home Savings Association v. Ramirez,* 600 S.W.2d 911 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.). In reviewing the order denying temporary injunction, we must draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *Hartwell's Office World, Inc. v. Systex Corp.,* 598 S.W.2d 636 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In addition, in reviewing a trial court's judgment where findings of fact and conclusions of law are not filed, this Court will uphold the judgment on any legal theory supported by the evidence. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.1968); *Public Utilities Board v. Central Power & Light,* 587 S.W.2d 782 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

Where the sole matter involved is one of possession, the district court has no authority to restrain by injunction a trial of the same issue in the justice court. *See Cuellar v. Martinez,* 625 S.W.2d 3 (Tex.Civ. App.—San Antonio 1981, no writ); *Home Savings Association v. Ramirez,* 600 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *Slay v. Fugitt,* 302 S.W.2d 698 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.); *Young Women's Christian Association of Austin v. Hair,* 165 S.W.2d 238 (Tex. Civ.App.—Austin 1942, writ ref'd w.o.m.). The trial court's judgment is proper based on an implied finding that that court had no jurisdiction to enjoin possession of the property by appellee. We find no abuse of discretion in the trial court's implied finding. Appellants' first point of error is overruled.

Appellants' second point of error complains of the action of the trial court in setting a bond in the amount of $10,000 on that portion of the temporary injunction which was granted. Appellants cite no authority for this point of error nor do they direct us to any portion of the record concerning evidence in support of this point of error. Tex.R.Civ.P. 418(e)(ii) provides that a brief *shall contain* "such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." Points of error not supported by arguments and authorities are waived. *Leckey v. Warren,* 635 S.W.2d 752 (Tex.App.—Corpus Christi 1982, writ dism'd). Appellants' second point of error is overruled.

The judgment of the trial court is AFFIRMED.