PORT ISABEL/SOUTH PADRE ISLAND TAXPAYERS ASSOCIATION and Mary Sue Arnspiger, Appellants,

v.

SOUTH PADRE ISLAND, Texas, et al., Appellees.

No. 13–84–124–CV.

Court of Appeals of Texas, Corpus Christi.

March 29, 1984.

Ted Campagnolo, Haywood & Campagnolo, Brownsville, for appellants.

Paul Cunningham, South Padre Island, for appellees.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an accelerated appeal from the denial of appellants' application for temporary injunction. We do not reach the purported merits of the case because the appeal must be dismissed as moot.

Appellants, South Padre Island/Port Isabel Taxpayers Association and Mary Sue Arnspiger, initiated this suit against appellees, South Padre Island, Texas, an incorporated municipality, as well as its Mayor, Board of Aldermen and City Manager, act-

ing as a "taxing unit." Initially, the appellants sought to compel appellees to place a tax rollback issue on the ballot of the general mayoral and Board of Aldermen election scheduled for April 7, 1984 in the trial court. Appellants sought relief from the taxing unit's determination of the invalidity and rejection of appellants' tax reduction petition, authorized by section 26.07 of the Texas Property Tax Code. There, they sought a temporary restraining order, injunctive and equitable relief; (i.e., temporary and permanent injunction), declaratory judgment, a writ of mandamus, attorney's fees and costs.

A temporary restraining order was granted on March 2, 1984, and a hearing on the application for temporary injunction and for writ of mandamus was scheduled for March 5, 1984, which hearing was subsequently reset and held on March 8, 1984. At the conclusion of the evidence, the trial court denied "all relief requested" in an order signed March 14, 1984.

On March 9, 1984, appellants gave notice of appeal from the interlocutory order of the trial court, filed a cash bond, and sought leave to file an accelerated appeal pursuant to TEX.R.CIV.P., Rule 385. The accelerated appeal was granted by this Court. Later, the trial court granted appellees' Motion for Correction of Judgment and set aside the prior judgment and entered an order which he signed on March 19, 1984. That same date, the trial court entered a corrected order reflecting the court's ruling following the hearing on March 8, 1984, in which appellants' application for temporary injunction and writ of mandamus was denied. The remaining relief requested by appellants was set for trial on the merits at a later date. It is this corrected order, issued March 19, 1984, which is controlling for purposes of this appeal.

■ In point of error number three, appellants contend that the trial court abused its discretion in not ordering the taxing unit of South Padre Island, Texas to place the tax reduction issue on the April 7, 1984 election ballot. An order denying

temporary injunction is an appeal from an interlocutory order, which is expressly authorized by Article 4662, TEX.REV.CIV. STAT.ANN. (Vernon Supp.1984). *See also* TEX.R.CIV.P. 385. Accordingly, this Court is limited to determining whether there has been a clear abuse of discretion by the trial court in denying the injunction. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Diesel Injection Sales & Service v. Gonzalez*, 631 S.W.2d 193 (Tex.App.—Corpus Christi 1982, no writ); *Powers v. Lynn*, 523 S.W.2d 271 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). In reviewing an order denying a temporary injunction, all reasonable presumptions will be indulged in support of the trial court's judgment. *Diesel Injection Sales & Service v. Gonzalez*, 631 S.W.2d at 194; *Lee v. Lee*, 359 S.W.2d 654 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.). During oral arguments before this Court, however, the parties to this case acknowledged the fact that absentee voting had already begun for the April 7, 1984 election ballot. Once the election process has begun, as in the case before us, we cannot interrupt it.

■ The Texas Supreme Court held in *Skelton v. Yates*, 131 Tex. 620, 119 S.W.2d 91, 92 (Tex.1938) that when absentee voting begins, the election is in progress. As such, no order which the court might enter could be effective at that late date to govern that particular election. *Accord Austin v. City of Alice*, 193 S.W.2d 290 (Tex. Civ.App.—San Antonio 1946, writ ref'd n.r. e.). We are therefore of the opinion that, because absentee voting has admittedly begun on the general mayoral and Board of Aldermen election (scheduled for April 7, 1984), prior to and/or during the pendency of this appeal, the cause is now moot. *See Price v. Dawson*, 608 S.W.2d 339 (Tex.Civ. App.—Dallas 1980, no writ).

■ In point of error number four, appellants contend that the trial court abused its discretion in failing to issue a writ of mandamus to the taxing unit of South Padre Island, Texas to place the tax reduction issue on the April 7, 1984 election ballot. An appeal from an interlocutory

order granting or refusing a temporary injunction may not be used as a vehicle for carrying other non-appealable interlocutory orders and judgments to the appellate courts; i.e., the denial of writ of mandamus. *Hastings Oil Co. v. Texas Co.*, 234 S.W.2d 389 (Tex.1950); *City of Arlington v. Texas Electric Service Co.*, 540 S.W.2d 580 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.); *Bloomfield Royalty Corp. v. Carco Investments, Inc.*, 435 S.W.2d 178 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). The trial court's denial of appellants' application for writ of mandamus constitutes an interlocutory non-appealable order, and therefore, is not properly before this Court on appeal. Point of error number four is overruled.

It is not necessary, nor would it be proper, for this Court to address appellants' first two points of error concerning declaratory matters presented to the trial court by appellants, where there is no final order from which an appeal could lie with respect to such matters.

The appeal is dismissed as moot.